**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Kenya FITZGERALD, Appellant.**

Superior Court of Pennsylvania.

Argued May 12, 2005.

Filed June 21, 2005.

Scott B. Rudolf, Pittsburgh, for appellant.

Michael W. Streily, Deputy Dist. Atty., Pittsburgh, and Francesco L. Nepa, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

BEFORE: MUSMANNO, TODD and BOWES, JJ.

OPINION BY BOWES, J.:

¶ 1 Kenya Fitzgerald appeals from the life sentence imposed after he was convicted of first degree murder and related offenses. We affirm.

¶ 2 The pertinent facts were outlined comprehensively by the trial court:

On October 11, 2002, around 9 p.m., [Appellant,] Kalbert Banks, and Allahtume Shelton went to the Second Time Around Bar in the Homestead section of Allegheny County. After consuming multiple alcoholic beverages, at about 2:00 a.m. the following morning, the three men hired a jitney, driven by William Murchison, to take them to West 15th Street. While in the van, [Appellant] and Shelton started arguing. [Appellant] pulled out an unlicensed revolver and fired a shot aimed at the van floor, which caused Murchison to stop the van at the intersection of West 15th Street and Hays St. [Appellant] then pointed the gun at Murchison and ordered him out of the van. Murchison complied and fled. The argument between the [Appellant] and Shelton continued. A second shot was fired in the van by [Appellant] that struck Shelton in the chest and ultimately killed him. Murchison heard the second shot and

had another jitney driver call 911. (N.T. 9/16/03, pp. 50–75; 9/17/03, pp. 46–66).

[Appellant] and Banks left the van after the second shot was fired. Banks encountered a woman on the street and went to her house a short distance away to call his mother. The next day, Banks voluntarily went to the police station and made a statement. After leaving the van, [Appellant] then went to 147 West 15th Street and returned to the van minutes later in different clothing. The police had arrived at the van and the [Appellant] repeatedly gave them false statements regarding the shooting. (N.T. 9/16/03, pp. 71–80; 9/17/03, pp. 111–116).

Trial Court Opinion, 8/24/04, at 1–2. On September 19, 2003, based on this evidence, a jury convicted Appellant of first degree murder, carrying an unlicensed firearm, reckless endangerment, and simple assault. On December 19, 2003, the court sentenced Appellant to life imprisonment, and this appeal followed.

¶ 3 Appellant raises the following contentions: 1) his constitutional rights were violated because there was neither a judge nor a court reporter present during jury selection; 2) his trial counsel ineffectively failed to object to the selection of a jury without a judge and court reporter; 3) trial counsel ineffectively failed to object when the trial court instructed the jury that when considering whether to credit Appellant's testimony, it should take into account his interest in the outcome of the trial; and 4) the trial court should have sustained counsel's objection to a jury instruction that the jury could infer that Appellant intended to employ his unlicensed firearm criminally.

¶ 4 Appellant's first two issues relate to the operation of Pa.R.Crim.P. 631(A), which provides that jury *voir dire* shall be conducted by a judge unless the judge's presence is waived by the defendant, the Commonwealth, and defense counsel. As provided by this rule, Appellant, his defense counsel, and the district attorney executed a document waiving the presence of a judge and reporter during jury selection.

■ ¶ 5 As the issue was waived under Pa.R.A.P. 302(a) due to the absence of objection to the procedure during the trial proceedings, the question presented on appeal is whether counsel was ineffective in allowing jury selection to be conducted without a judge and reporter present. Since this is a direct appeal, our Supreme Court's pronouncement in *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002), applies. In *Grant*, the Supreme Court stated, "[A]s a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Id.* at 67–68, 813 A.2d at 739. The Supreme Court's most recent announcement regarding application of the deferral analysis of *Grant* is contained in *Commonwealth v. Davido*, —— Pa. ——, 868 A.2d 431 (2005), where the Court held that deferral is mandated even if there is a trial court opinion addressing the issue of ineffectiveness based on the trial court's conclusion that the existing record is sufficient to address the question. The Court explained in a footnote that unless there is an evidentiary hearing devoted to the question of ineffectiveness and an opinion, *Grant* applies:

We do not believe [the defendant's] claim [of counsel's ineffectiveness] falls within the *Bomar* exception to reviewing claims of ineffectiveness on direct appeal. *See Commonwealth v. Bomar*, 573 Pa. 426, 826 A.2d 831 (2003). Although Appellant raised this claim in his Rule 1925 statement and the trial court addressed this ineffectiveness issue in its Opinion Pursuant to Pa.R.A.P. 1925, there has been no record developed "de-

voted to the ineffectiveness claims." *Bomar*, 826 A.2d at 854. Rather, the trial court relied on the evidence from the existing record in support of denying this claim. Accordingly, we believe this claim is better suited to collateral review.

*Id.* at —— n. 16, 868 A.2d at 441 n. 16; *accord Commonwealth v. Roney*, —— Pa. ——, ——, 866 A.2d 351, 357 (2005) (where there was no evidentiary hearing on claims of ineffectiveness, *Bomar* exception to *Grant* was not applicable to claims of trial counsel's ineffectiveness presented on direct appeal). Thus, *Davido* tacitly overrules Superior Court case law, upon which Appellant relies, allowing for review of claims of ineffectiveness if both the existing record is sufficient to review the claim, and the trial court has addressed the issue.

¶ 6 Appellant counters that his constitutional right to have a judge present during *voir dire* is a structural defect that cannot be waived by counsel, and therefore, is not subject to *Grant*. In leveling this argument, Appellant misperceives *Grant's* holding. *Grant* is not a waiver analysis; it is a deferral analysis. It merely provides that direct appeal is the appropriate avenue for review of properly-preserved trial court error and that the PCRA process is the preferred venue for review of claims of trial counsel's ineffectiveness. Hence, Appellant's attempts to avoid application of *Grant* fail.

¶ 7 The same reasoning applies to Appellant's third issue, which is whether trial counsel was ineffective for failing to object to a jury instruction that the jury was to consider Appellant's interest in the outcome of the case in assessing his credibility. Therefore, Appellant's first three contentions are dismissed without prejudice for Appellant to raise them in a timely-filed collateral petition.

¶ 8 Appellant's final argument is not waived. Appellant claims that a new trial is required because the trial court instructed the jury in accordance with the dictates of 18 Pa.C.S. § 6104, which provides, "In the trial of a person for committing or attempting to commit a crime enumerated in section 6105 (relating to persons not to possess, use, manufacture, control, sell or transfer firearms), the fact that that person was armed with a firearm, used or attempted to be used, and had no license to carry the same, shall be evidence of that person's intention to commit the offense." Murder is one of the offenses enumerated in section 6105; thus, the jury in this matter was instructed pursuant to section 6104. While trial counsel objected to the instruction on due process grounds, Appellant "concedes that this court must rule against him" due to application of *Commonwealth v. Hall*, 574 Pa. 233, 830 A.2d 537 (2003). Appellant's brief at 15. Appellant states that he is raising this issue on appeal to preserve it for further review.

¶ 9 Judgment of sentence affirmed.