**COMMONWEALTH of Pennsylvania,**

v.

**Michael LITTLE, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 15, 2005.

Filed July 7, 2005.

---

Sandjai Weaver, Philadelphia, for appellant.

Hugh J. Burns, Jr. and Scott D. Perrine, Asst. Dist. Attys., Philadelphia, for Com., appellee.

Before: GANTMAN, PANELLA, and OLSZEWSKI, JJ.

PANELLA, J.:

¶ 1 Appellant, Michael Little, appeals from the judgment of sentence entered on March 1, 2004, by the Honorable John J. Chiovero, Court of Common Pleas of Philadelphia County. After careful review, we affirm.

¶ 2 On November 26, 2002, Officer Lewis Palmer, along with several other officers, was conducting undercover narcotics purchases in the City of Philadelphia. At approximately 6:30 p.m., Officer Palmer encountered a black male in the 6400 block of Callowhill Street with whom Officer Palmer discussed purchasing cocaine. The black male informed Officer Palmer that he had a source for cocaine and could procure from the source 1½ grams. After Officer Palmer agreed to purchase the cocaine, the black male stated that he had to call "Mikal or MC Hale." N.T., 10/16/03, at 21. Shortly thereafter, Officer Palmer gave the black male $80.00 and watched as the black male walked away.

¶ 3 At that point, Officer Palmer radioed Officer Thomas Liciardello, who was positioned on the 6500 block of Callowhill Street, and provided him with a description of the black male. Officer Liciardello testified that he observed the black male knock on the door and then walk into the residence at 412 North 65th Street. Officer Liciardello watched as the black male exited the residence just thirty seconds to a minute after entering. The black male then walked back to where Officer Palmer was waiting and handed him a ziplock baggie which contained cocaine.[1] Approximately fifteen minutes after the black male left the residence at 412 North 65th Street, Officer Liciardello observed Little leave the residence.

¶ 4 The next day, police officers executed a search warrant for the 412 North 65th Street residence. Prior to executing the warrant the police officers had confirmed that it was in fact Little's residence. Upon entering the residence, police officers observed Little throwing a black bag down his basement steps. When the officers recovered the bag it contained four smaller

---

1. The black male was not arrested as Officer Liciardello testified that to do so would have jeopardized the anticipated search of the residence at 412 North 65th Street.

bags, each containing 454 grams (1 pound) of marijuana. Thereafter, Little voluntarily informed the police officers as to the location of other narcotics contained throughout the home. The police officers subsequently recovered 275 grams (.61 of a pound) of cocaine, worth approximately $25,000.00, and an additional 78 grams (.17 of a pound) of marijuana from the residence. The police officers also recovered, among other things, an electronic scale with residue, a bottle of inositol, which is a "cutting agent used for cocaine," and numerous ziplock baggies. N.T., 10/17/03, at 66–67. Little was subsequently arrested and charged.

¶ 5 Following a three day jury trial, Little was convicted of possession of a controlled substance with intent to deliver (cocaine and marijuana),[2] possession of drug paraphernalia,[3] and criminal conspiracy.[4] Subsequent thereto, Little was sentenced to an aggregate term of imprisonment of seven (7) to fourteen (14) years. Little apparently filed a petition for reconsideration of sentence on March 11, 2004,[5] and subsequently filed a notice of appeal to this Court on March 31, 2004.[6]

¶ 6 On appeal, Little raises the following issues for our review:

[1]. Was the evidence and testimony adduced at trial sufficient to convict on all charges beyond a reasonable doubt?

2. Whether the verdict was against the weight of the evidence?

3. Whether trial counsel was ineffective for failing to fully litigate a motion to suppress any and all statements made by Appellant prior to arrest?

4. Whether counsel was ineffective for failing to file a motion in limine to seek to preclude the hearsay testimony of the unknown black male who sold narcotics to Officer Palmer, and for failing to object to admission of the hearsay testimony during trial?

. . .

6. Whether counsel was ineffective for failing to litigate a motion to suppress physical evidence obtained as a result of an illegally executed warrant where police action was in violation of the "knock and announce" rules?

Appellant's Brief, at 6.[7]

¶ 7 We first address Little's challenge to the sufficiency of the evidence presented at trial as it relates to his convictions. We note that in evaluating a challenge to the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth

---

2. 35 Pa.Stat. § 780-113(a)(30).

3. 35 Pa.Stat. § 780-113(a)(32).

4. 18 Pa.Cons.Stat.Ann. § 903.

5. The petition for reconsideration, prepared by Little's current counsel, is in the supplemental certified record, which was forwarded to this Court on August 5, 2004. We note that the petition for reconsideration does not bear the customary time stamp of the prothonotary, nor does an entry for its filing appear on the certified docket sheets. Also in the supplemental certified record is the order denying Little's petition for reconsideration by operation of law, which is dated July 20, 2004.

6. It appears that Little's notice of appeal was prematurely filed as his petition for reconsideration was still pending at the time he filed his notice of appeal. *See Commonwealth v. Borrero*, 692 A.2d 158, 159–160 (Pa.Super.1997) (appeal was premature when filed while post-sentence motion was still pending in trial court). However, as noted, an order denying Little's petition for reconsideration was subsequently entered, and thus, we will entertain this appeal. *See* Pa.R.A.P., Rule 905(a), 42 Pa.Cons.Stat.Ann.

7. Little's fifth issue in his statement of questions involved is identical to his fourth. *See* Appellant's Brief, at 6.

as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable doubt. *See Commonwealth v. Wallace,* 817 A.2d 485, 490 (Pa.Super.2002), *appeal denied,* 574 Pa. 774, 833 A.2d 143 (2003), *cert. denied,* 541 U.S. 907, 124 S.Ct. 1610, 158 L.Ed.2d 251 (2004).

¶ 8 We may not weigh the evidence and substitute our judgment for the fact-finder. *See Commonwealth v. Derr,* 841 A.2d 558, 560 (Pa.Super.2004). To sustain a conviction, however, the facts and circumstances which the Commonwealth must prove must be such that every essential element of the crime is established beyond a reasonable doubt. *See Commonwealth v. Hargrave,* 745 A.2d 20, 22 (Pa.Super.2000), *appeal denied,* 563 Pa. 683, 760 A.2d 851 (2000).

 ¶ 9 With the above principles in mind, we now consider whether the Commonwealth presented sufficient evidence to sustain Little's conviction for possession with intent to deliver. Section 780-113(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act prohibits the following acts:

> [T]he manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 PA.STAT. § 780-113(a)(30). The Commonwealth establishes the offense of possession with intent to deliver when it proves beyond a reasonable doubt that the defendant possessed a controlled substance with the intent to deliver it. *See Commonwealth v. Kirkland,* 831 A.2d 607, 611 (Pa.Super.2003), *appeal denied,* 577 Pa. 712, 847 A.2d 1280 (2004).

 ¶ 10 To determine whether the Commonwealth presented sufficient evidence to sustain Little's conviction for possession with intent to deliver, all of the facts and circumstances surrounding the possession are relevant and the elements of the crime may be established by circumstantial evidence. *See Commonwealth v. Drummond,* 775 A.2d 849, 853–854 (Pa.Super.2001), *appeal denied,* 567 Pa. 756, 790 A.2d 1013 (2001). Furthermore, possession with intent to deliver can be inferred from the quantity of the drugs possessed along with the other surrounding circumstances. *See Commonwealth v. Bess,* 789 A.2d 757, 762 (Pa.Super.2002).

¶ 11 In the present case, upon entering the residence, police officers observed Little throwing a black bag down his basement steps. *See* N.T., 10/17/03, at 10. When the officers recovered the bag it contained four smaller bags each containing 454 grams (1 pound) of marijuana. *See id.* Thereafter, Little told the police officers the location of other narcotics in the home. *See id.,* at 60. The police officers subsequently recovered 275 grams (.61 of a pound) of cocaine, worth approximately $25,000.00, and an additional 78 grams (.17 of a pound) of marijuana from the residence. *See id.,* at 53–54, 72–73. The police officers also recovered, among other things, an electronic scale with residue, a bottle of inositol, which is a "cutting agent used for cocaine," and numerous ziplock baggies. *Id.,* at 66–67. Officer Brian Reynolds, the assigned narcotics investigator on the case, testified that based on the amount of drugs and the items recovered that, "a large scale operation" was being conducted from the residence. *Id.,* at 125. Officer Reynolds also testified that the amount of drugs recovered is not

consistent with personal use. *See id.*, at 86.

¶ 12 In summary, the police officers recovered over four pounds of marijuana, over a half-pound of cocaine, ziplock bags, an electronic scale with residue, and a known cutting agent. Based on the foregoing, we find that the Commonwealth presented sufficient evidence to sustain Little's conviction for possession with intent to deliver. Specifically, in this case, possession with intent to deliver can be inferred from the quantity of the drugs possessed by Little in his residence along with the numerous items of drug paraphernalia the officers recovered.[8] *See Commonwealth v. Campbell*, 418 Pa.Super. 391, 614 A.2d 692, 698 (1992), *appeal denied*, 535 Pa. 630, 631 A.2d 1003 (1993) (finding that defendant possessed cocaine with intent to deliver was sufficiently supported where state trooper testified that the pound of cocaine seized from defendant and his two companions was more than one would possess for purely personal consumption); *Commonwealth v. Bowermaster*, 297 Pa.Super. 444, 444 A.2d 115, 119 (1982) (four pounds of marijuana sufficient to establish possession with intent to deliver).

¶ 13 We must next determine whether the Commonwealth presented sufficient evidence to convict Little of criminal conspiracy. A conviction for criminal conspiracy requires the trier of fact to find the following: (1) that the defendant intended to commit or aid in the commission of a criminal act; (2) that the defendant entered into an agreement with another, i.e., the co-conspirator, to engage in a crime; and (3) that the defendant or one or more of the other co-conspirators committed an overt act in furtherance of the agreed upon crime. *See Commonwealth v. Murphy*, 577 Pa. 275, 292, 844 A.2d 1228, 1238 (2004); *see also*, 18 PA. CONS.STAT.ANN. § 903(a). "The essence of a criminal conspiracy ... is the agreement made between the co-conspirators." *Murphy*, 577 Pa. at 292, 844 A.2d at 1238. The nature of the offense is such that more often than not there is no direct evidence of the defendant's criminal intent or the conspiratorial agreement. *See id.* "Consequently, the defendant's intent as well as the agreement is almost always proven through circumstantial evidence, such as by the relations, conduct or circumstances of the parties or overt acts on the part of the co-conspirators." *Id.* (citation and internal quotation marks omitted); *see also, Commonwealth v. Ruiz*, 819 A.2d 92, 97 (Pa.Super.2003) ("The conduct of the parties and the circumstances surrounding their conduct may create a web

---

**8.** Little argues that the offense of possession with intent to deliver must be established by expert testimony. *See* Appellant's Brief, at 14. Little offers no citation, however, for his claim. We note that a panel of this Court has indicated "the importance of expert testimony in drug cases where the other evidence does not overwhelmingly support the conclusion that the drugs were intended for distribution." *Commonwealth v. Kirkland*, 831 A.2d 607, 612 (Pa.Super.2003), *appeal denied*, 577 Pa. 712, 847 A.2d 1280 (2004).

In *Kirkland*, the panel found evidence that the appellant constructively possessed one piece of crack cocaine weighing 6.876 grams, a razor blade with cocaine residue, and a paper bag containing several unused ziplock packets insufficient to establish the offense of possession with intent to deliver. In making the finding the panel stressed that "Appellant did not possess any cash, scales, dilutants, or other drug paraphernalia used by dealers, and a relatively small amount of cocaine was recovered." *Id.* (emphasis added). Furthermore, the panel noted that "the record bears no indication as to the value of the drugs found in the vehicle, and it is unclear whether 6.876 grams of crack cocaine is consistent with personal use." *Id.* The deficiencies in the Commonwealth's evidence in *Kirkland* are clearly not present in the present case.

of evidence linking the accused to the alleged conspiracy beyond a reasonable doubt.").

¶ 14 The Commonwealth presented evidence that Officer Lewis Palmer, while working undercover, encountered a black male with whom Officer Palmer discussed purchasing cocaine. *See* N.T., 10/16/03, at 21. The black male told Officer Palmer that he had a source for cocaine and could procure from the source 1½ grams. *See id.* After Officer Palmer agreed to purchase the cocaine the black male said he had to call "Mikal or MC Hale." *Id.* Shortly thereafter, Officer Palmer gave the black male $80.00 and watched as the black male walked away. *See id.*

¶ 15 At that point, Officer Palmer called Officer Thomas Liciardello and gave him a description of the black male. *See id.*, at 22. Officer Liciardello testified that he observed the black male knock on the door and then walk into the residence at 412 North 65th Street. *See* N.T., 10/17/03, at 6. Officer Liciardello watched as the black male left the residence just thirty seconds to a minute after he entered. *See id.* The black male then walked back to where Officer Palmer was waiting and handed him a ziplock baggie which contained cocaine. *See* N.T., 10/16/03, at 22. Approximately fifteen minutes after the black male left the residence at 412 North 65th Street, Officer Liciardello observed Little leave the residence. *See* N.T., 10/17/03, at 7–8.

¶ 16 The next day, police officers executed a search warrant at 412 North 65th Street, which is Little's residence, and arrested Little. *See id.*, at 60. During the subsequent search of the residence the police found, among other things, over a half-pound of cocaine. *See id.*, at 53.

¶ 17 We find that the Commonwealth presented sufficient evidence to sustain Little's conviction for conspiracy. The above-described conduct constitutes suffi-cient circumstantial evidence of a conspiracy in which the black male and Little were jointly involved in a drug dealing operation. It is a fair inference that the "Mikal or MC Hale" the black male called was Little, whose first name is Michael. This is an eminently reasonable inference given that the black male proceeded to Little's residence directly after making the call, the purpose of which was to obtain cocaine. Furthermore, Little was observed leaving his residence shortly after the black male departed and a large quantity of cocaine was recovered from the residence the very next day.

■ ¶ 18 Lastly, with respect to Little's sufficiency of the evidence claims, in his statement of questions involved Little notes that he is challenging the sufficiency of the evidence "on **all** charges." *See* Appellant's Brief, at 6 (emphasis added). As noted, Little was also convicted of possession of drug paraphernalia. In his argument section of his brief, however, Little does not argue that his conviction for possession of drug paraphernalia was not supported by sufficient evidence; indeed, he does not even mention his conviction for this offense. Accordingly, we find this claim waived. *See Commonwealth v. Miller,* 721 A.2d 1121, 1124 (Pa.Super.1998) (failure to raise and develop issue properly results in waiver of claim).

■ ¶ 19 In any event, any claim that the Commonwealth produced insufficient evidence in this case to sustain Little's conviction for possession of drug paraphernalia is patently absurd. Section 780-113(a)(32) of The Controlled Substance, Drug, Device and Cosmetic Act prohibits the following acts:

> The use of, or possession with intent to use, drug paraphernalia for the purpose of planting, propagating, cultivating, growing, harvesting, manufacturing,

compounding, converting, producing, processing, preparing, testing, analyzing, packing, repacking, storing, containing, concealing, ingesting, inhaling or otherwise introducing into the human body a controlled substance in violation of this act.

35 PA.STAT. § 780-113(a)(32). Furthermore,

> [i]n determining whether an object is drug paraphernalia, a court or other authority should consider, in addition to all other logically relevant factors, statements by an owner or by anyone in control of the object concerning its use, prior convictions, if any, of an owner, or of anyone in control of the object, under any State or Federal law relating to any controlled substance, **the proximity of the object in time and space, to a direct violation of this act, the proximity of the object to controlled substances, the existence of any residue of controlled substances on the object,** ... the existence and scope of legitimate uses for the object in the community, and expert testimony concerning its use.

*Commonwealth v. Torres,* 421 Pa.Super. 233, 617 A.2d 812, 815 n. 5 (1992), *appeal denied,* 535 Pa. 618, 629 A.2d 1379 (1993) (quoting 35 PA.STAT. § 780–102(b)) (emphasis added). To sustain a conviction for possession of drug paraphernalia the Commonwealth must establish that items possessed by defendant were used or intended to be used with a controlled substance so as to constitute drug paraphernalia and this burden may be met by Commonwealth through circumstantial evidence. *See id.,* at 815.

¶ 20 In the present case, as noted, the police recovered, among other things, an electronic scale with residue, a bottle of inositol, which is a cutting agent used for cocaine, and numerous ziplock baggies. Furthermore, as mentioned, Officer Brian

Reynolds, the assigned narcotics investigator on the case, testified that based on the amount of drugs and the items recovered that, "a large scale operation was being distributed from" the residence. N.T., 10/17/03, at 125. Given the nature of the items recovered, the significant amount of narcotics recovered, and Officer Reynolds's testimony, we find that the Commonwealth presented sufficient evidence to sustain Little's conviction for possession of drug paraphernalia.

¶ 21 Little next contends that his convictions for possession with intent to deliver and conspiracy were against the weight of the evidence. Before we address this claim, we must first determine whether it has been properly preserved for our review. Pennsylvania Rule of Criminal Procedure 607 provides, in pertinent part, the following:

> (A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
> (1) orally, on the record, at any time before sentencing;
>
> (2) by written motion at any time before sentencing; or
>
> (3) in a post-sentence motion.

Pa.R.Crim.P., Rule 607(A). "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." Pa.R.Crim.P., Rule 607, Comment.

¶ 22 Our review of the certified record reveals that no motion was filed challenging the weight of the evidence before sentencing. Furthermore, the sentencing transcript is not contained in the certified record, thus we are unable to determine if Little raised a challenge to the weight of the evidence on the record before sentencing. We remind Little that

it is the appellant's duty to "ensure that the certified record is complete for purposes of review." *Commonwealth v. Dehart*, 730 A.2d 991, 993 n. 1 (Pa.Super.1999), *appeal denied*, 560 Pa. 719, 745 A.2d 1218 (1999). An appellant's failure to provide the reviewing court with a complete certified record results in the waiver of the claim. *See Commonwealth v. Johns*, 812 A.2d 1260, 1261 (Pa.Super.2002); *see also, Commonwealth v. Lassen*, 442 Pa.Super. 298, 659 A.2d 999, 1008 (1995) (holding that where a claim is dependent upon materials not provided in the certified record, that claim is waived). In addition, an examination of the supplemental certified record, which, as noted, was forwarded to this Court on August 5, 2004, reveals that Little, through his current counsel, apparently filed a petition for reconsideration of sentence on March 11, 2004. The petition for reconsideration of sentence, however, did not challenge the weight of the evidence as it only alleged "that the sentence imposed was excessive." Petition for Reconsideration, dated 3/11/04.

¶ 23 Accordingly, as there is no evidence in the certified record that Little preserved this claim we are constrained to find it waived. *See* Pa.R.Crim.P., Rule 607(A); *Commonwealth v. Washington*, 825 A.2d 1264, 1266 (Pa.Super.2003) (concluding that Rule 607 requires that a weight of the evidence claim be raised initially by a motion to the trial court and that the failure to do so compels this Court to find the issue waived).

¶ 24 Little's remaining issues allege claims of ineffective assistance of trial counsel. Preliminarily, we must decide whether the claims of ineffectiveness should be deferred until collateral review. In *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002), our Supreme Court announced that as a general rule a defendant "should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Id.*, 572 Pa. at 67, 813 A.2d at 738.

¶ 25 Our Supreme Court, however, has identified exceptions to the general rule announced in *Grant*. For instance, our Supreme Court has held that an exception to the general rule may be created where there has been a complete or constructive denial of counsel or that counsel has breached his duty of loyalty. *Id.*, 572 Pa. at 67, 813 A.2d at 739. Our Supreme Court has also held that an ineffectiveness claim may be addressed on direct appeal were it was raised in a timely post-sentence motion, developed at a hearing "devoted to the ineffectiveness claims", and ruled upon by the trial court. *See Commonwealth v. Bomar*, 573 Pa. 426, 464–465, 826 A.2d 831, 853–854 (2003), *cert. denied*, 540 U.S. 1115, 124 S.Ct. 1053, 157 L.Ed.2d 906 (2004).[9] In addition, this Court

9. We note that this Court had also found an exception to the general rule in *Grant* and addressed ineffectiveness of counsel claims on direct appeal where the trial court's Rule 1925(a) opinion addressed the claim and specifically noted that the existing record was sufficient to permit review. *See Commonwealth v. Watson*, 835 A.2d 786, 794 (Pa.Super.2003) ("We will review claims of ineffective assistance of counsel on direct appeal only where the trial court has addressed the claims on the merits after having determined that the existing record is sufficiently developed for resolution of the claims."); *accord*

*Commonwealth v. Causey*, 833 A.2d 165, 174–175 (Pa.Super.2003), *appeal denied*, 577 Pa. 732, 848 A.2d 927 (2004). In *Commonwealth v. Davido*, 582 Pa. 52, 868 A.2d 431 (2005), however, our Supreme Court declined to consider an ineffectiveness claim on direct appeal where appellant had raised such a claim in his Rule 1925(b) statement and the trial court addressed, and denied, the ineffectiveness issue in its Rule 1925(a) opinion by relying on evidence in the existing record. The Court in *Davido* held that a sufficient evidentiary record exists with respect to an ineffectiveness claim on direct appeal only where the trial

will address ineffective assistance of trial counsel claims on direct appeal where the appellant is serving a sentence of a short duration, thus depriving him of an opportunity to seek collateral relief. *See Commonwealth v. Salisbury*, 823 A.2d 914, 916 (Pa.Super.2003).

¶ 26 A review of Little's claims of trial counsel's ineffectiveness reveals that none of the above limited exceptions to the general rule announced in *Grant* are applicable. Therefore, the claims must be deferred until collateral review.

¶ 27 Judgment of sentence affirmed.

court has conducted a hearing "devoted to the ineffectiveness claims" and that absent such a hearing *Grant* applies. *Id.*, at 69 n. 16, 868 A.2d at 441 n. 16. Accordingly, a panel of this Court recently found that "*Davido* tacitly overrules Superior Court case law ... allowing for review of claims of ineffectiveness if both the existing record is sufficient to review the claim, and the trial court has addressed the issue." *Commonwealth v. Fitzgerald*, 2005 PA Super 231, ¶ 5, 877 A.2d 1273, 1275, 2005 WL 1432758, *2 (2005).