J-S94032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DWAYNE ORLANDO MAYS | |
| Appellant | No. 495 MDA 2016 |

Appeal from the Judgment of Sentence December 10, 2015
in the Court of Common Pleas of Lycoming County Criminal Division
at No(s): CP-41-CR-0000156-2015

BEFORE: LAZARUS, RANSOM, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED MARCH 10, 2017**

Appellant, Dwayne Orlando Mays, appeals from the judgment of sentence entered in the Lycoming County Court of Common Pleas.[1] He contends there was insufficient evidence to sustain his conviction for possession with intent to deliver a controlled substance ("PWID"),[2] conspiracy of PWID,[3] and criminal use of a communication facility.[4] We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] We note that Appellant was subsequently convicted of possession with intent to deliver a controlled substance, possession of a controlled substance, and criminal use of a communication facility. The appeal from the April 25, 2016 judgment of sentence is docketed at no. 745 MDA 2016.

[2] 35 P.S. § 780-113(a)(30).

[3] 18 Pa.C.S. § 903.

[4] 18 Pa.C.S. § 7512(a).

The trial court summarized the facts of this case as follows:

These charges arose out of a grand jury investigation centering on the distribution of heroin from a 2012 wiretap investigation in Centre County.

\* \* \*

At the non-jury trial of [Appellant], the Commonwealth called as witnesses Laura Kalizewski (Kalizewski), Summer Anise Love (Love), Brandy Bevan (Bevan), Officer Nathan Dereamer (Dereamer) and Officer [Thomas] Bortz. Kalizewski testified to a controlled drug buy she performed as a confidential informant for the Lycoming County Drug Task Force. Kalizewski testified that on February 26, 2013, she called [Appellant] on his cellular phone number and arranged to meet him at 230 West Third St. Williamsport, PA to make a heroin purchase. As she would be purchasing one bundle i.e. ten bags, the price would be the customary rate of $100. Lycoming County Drug Task Force provided Kalizewski with the $100 to purchase the heroin. Direct and cross examination established that Kalizewski had a three bundle (i.e. 30 bags a day) heroin habit. At the time of the controlled buy, she was five months clean of heroin, after having served six months in the Lycoming County Pre Release Center. Kalizewski was on supervised bail on February 26, 201[3], and she testified that she had not tested positive while on bail.

In addition to the controlled drug buy that Kalizewski was a part of on February 26, 2013, she also testified that she had been a regular customer of [Appellant]. She testified that she would drive [Appellant] and one of his colleagues to Philadelphia for them to acquire heroin. At that time she would test the heroin for her drug dealers to ensure that it was producing the desired effect. She testified that she purchased heroin from [Appellant] 50 times. She testified that she had been purchasing heroin for a year from [Appellant] prior to the controlled buy.

Love also testified to a similar relationship with [Appellant]. He was one of her drug dealers. She had contact with him every day. She would also drive him and a few of his colleagues to Philadelphia and perform the same drug testing services. She testified that the quality

- 2 -

of [Appellant's] heroin was "the best quality around." Love also identified [Appellant] as someone she would purchase heroin from during the time period of May 2012, through April 2013.

\* \* \*

Kalizewski and Love . . . both testified that they transported [Appellant] along with other dealers to Philadelphia to pick up heroin.

Trial Ct. Op., 8/22/16, at 1, 3-5, 7 (citations to the record omitted).

The trial court found Appellant guilty of the above mentioned charges. On December 10, 2015, Appellant was sentenced to fifty-four months' to twenty years' imprisonment. The court found he was eligible for the Recidivism Risk Reduction Incentive ("RRRI") program[5] and calculated his RRRI minimum at forty-five months. Appellant filed a post-sentence motion which was denied. This timely appeal followed. Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court filed a responsive opinion.

Appellant raises the following issues for our review:

1. Did the trial court err in finding the Appellant guilty of the charge of [PWID] as the evidence was insufficient to show the Appellant possessed heroin with the intent to deliver the same between 2012 and 2013.

2. Did the trial court err in finding the Appellant guilty of the charge of Conspiracy of [PWID] as the evidence was insufficient to show the Appellant possessed heroin with the intent to deliver the same between 2012 and 2013.

---

[5] 61 Pa.C.S. §§ 4501-4512.

3. Did the trial court err in finding the Appellant guilty of the charge of Criminal Use of a Communication Facility as the evidence was insufficient to show the Appellant used a cell phone and the Commonwealth failed to provide evidence to show that any communication on the phone was Appellant and was for the purposes of committing a crime between 2012 and 2013.

4. Did the trial court err in finding the Appellant guilty of the charge of [PWID] as the evidence was insufficient to show the Appellant possessed heroin with the intent to deliver the same on February 26, 2013.[6]

Appellant's Brief at 7-8.

First, Appellant contends the evidence was insufficient to establish PWID on February 26, 2013 and from 2012 through 2013 because

no evidence was offered as to the method of packaging being consistent with the type the Appellant may have distributed. Furthermore, no evidence was offered as to the behavior of the Appellant, as no one observed the Appellant.

*Id.* at 12.

Second, Appellant avers the evidence was insufficient to establish that he "was engaged in a conspiracy." *Id.* at 13. "No recordings of conversations, photographic, or video evidence was presented, nor was [sic] any of the other alleged individuals called to testify." *Id.* Third, Appellant argues the evidence was insufficient to sustain the guilty verdict on the

---

[6] We note that Appellant addresses this issue contemporaneously with the first issue raised on appeal.

charges of criminal use of a communication facility because there was no "evidence that the phone was registered to, belonged to, or was utilized by" Appellant. *Id.* at 14.

Our review is governed by the following principles:

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Ratsamy*, 934 A.2d 1233, 1236 n.2 (Pa. 2007).

In *Commonwealth v. Little*, 879 A.2d 293 (Pa. Super. 2005), this Court

> consider[ed] whether the Commonwealth presented sufficient evidence to sustain [the defendant's] conviction for possession with intent to deliver. Section 780-113(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act prohibits the following acts:

[T]he manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 [P.S.] § 780-113(a)(30). The Commonwealth establishes the offense of possession with intent to deliver when it proves beyond a reasonable doubt that the defendant possessed a controlled substance with the intent to deliver it.

To determine whether the Commonwealth presented sufficient evidence to sustain [the defendant's] conviction for possession with intent to deliver, all of the facts and circumstances surrounding the possession are relevant and the elements of the crime may be established by circumstantial evidence. Furthermore, possession with intent to deliver can be inferred from the quantity of the drugs possessed along with the other surrounding circumstances.

*Id.* at 297 (some citations omitted).

To sustain a conviction for criminal conspiracy, the Commonwealth must establish that the defendant (1) entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent and (3) an overt act was done in furtherance of the conspiracy. "This overt act need not be committed by the defendant; it need only be committed by a co-conspirator."

As our Court has further explained with respect to the agreement element of conspiracy:

The essence of a criminal conspiracy is a common understanding, no matter how it came into being, that a particular criminal objective be accomplished. Therefore, a conviction for conspiracy requires proof of the existence of a shared criminal intent. An explicit or formal agreement to commit crimes can

- 6 -

seldom, if ever, be proved and it need not be, for proof of a criminal partnership is almost invariably extracted from the circumstances that attend its activities. Thus, a conspiracy may be inferred where it is demonstrated that the relation, conduct, or circumstances of the parties, and the overt acts of the co-conspirators sufficiently prove the formation of a criminal confederation. The conduct of the parties and the circumstances surrounding their conduct may create a web of evidence linking the accused to the alleged conspiracy beyond a reasonable doubt. Even if the conspirator did not act as a principal in committing the underlying crime, he is still criminally liable for the actions of his co-conspirators in furtherance of the conspiracy.

*Commonwealth v. McCall*, 911 A.2d 992, 996-97 (Pa. Super. 2006) (citations omitted).

Criminal use of a communication facility is defined as follows:

**(a) Offense defined.**—A person commits a felony of the third degree if that person uses a communication facility to commit, cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony under this title or under the act of April 14, 1972 (P.L. 233, No. 64),1 known as The Controlled Substance, Drug, Device and Cosmetic Act. Every instance where the communication facility is utilized constitutes a separate offense under this section.

18 Pa.C.S. § 7512(a).

After careful consideration of the parties' briefs, the record and the opinion of the Honorable Nancy L. Butts, we affirm on the basis of the trial court's decision.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2017