J-S39032-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA N. CAMBRIC | : | |
| | : | |
| Appellant | : | No. 465 WDA 2023 |

Appeal from the PCRA Order Entered March 6, 2023
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0001269-2014

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: February 19, 2025**

Appellant Joshua N. Cambric appeals from the order denying his timely first petition filed pursuant to the Post Conviction Relief Act[1] (PCRA).  On appeal, Appellant raises claims of ineffective assistance of counsel on the part of his trial counsel and previous PCRA counsel.  We affirm.

A previous panel of this Court set forth the following factual history:

On March 30, 2014, Tony Phillips was shot and killed in the parking lot of a bar in Johnstown, Cambria County, while sitting in the driver's seat of his sister's car.  At trial, the Commonwealth presented circumstantial evidence to establish that [Appellant], Keith Reed, and Jeremy Woodard had formulated and carried out a plan to kill Tony Phillips.  This evidence consisted of multiple witnesses and video surveillance footage from multiple locations.

Phillips' sister, Tanya Phillips, testified that Reed called her residence looking for her brother on the day of the murder.  She told Reed that her brother was not home, but offered suggestions on where he might be.  Tanya had loaned her brother her golden

---

[1] 42 Pa.C.S. §§ 9541-9545.

tan colored Chevrolet Malibu earlier that day. Phillips' aunt testified that Reed came to her sister's house looking for Phillips and convinced Phillips to go have a drink with him.

The owner of the bar where the shooting occurred testified that while he was sitting in his car to leave the bar that night he saw a gold-colored vehicle pull into the parking lot. He observed a black male, who he identified as Reed[,] get out of the passenger side of the gold car and go into the bar. He then saw a different black male, wearing glasses and gray cargo pants, come out and fire two shots from a handgun through the driver's door window of the gold car. The shooter then walked to a black SUV that was waiting for him. The owner identified [Appellant] as the shooter in court.

After local dispatch advised police to be on the lookout for a black SUV in connection with the shooting, they effectuated a stop of a vehicle matching the description in the parking lot of a gas station. A passenger alighted from the SUV before the driver attempted to flee by driving away. The driver, identified as Woodard, was apprehended shortly thereafter. The passenger was tracked to a local motel, [where] he was found in a room, having checked in approximately fifteen minutes before police arrived. An officer positively identified [Appellant] as the passenger who fled from the black SUV.

Video evidence from the gas station showed [Appellant] exiting the black SUV and leaning down between the pumps, the black SUV departing, the police cruiser in pursuit, and [Appellant] walking toward the motel. Officers later located a firearm lodged between the gas pumps where [Appellant] had leaned down. Scientific testing and analysis established that all bullets recovered had been fired by the firearm recovered at the gas station.

*Commonwealth v. Cambric*, 2020 WL 689648 at *1 (Pa. Super. filed Feb. 11, 2020) (unpublished mem.) (footnote omitted).

Following a jury trial, Appellant was convicted of one count each of first-degree murder and conspiracy to commit murder, as well as two counts each of aggravated assault, receiving stolen property, and tampering with physical

evidence.[2] The trial court imposed an aggregate sentence of life imprisonment without parole. A previous panel of this Court affirmed Appellant's judgment of sentence on February 11, 2020. *See id.* at *6. Appellant filed a petition for allowance of appeal, which our Supreme Court denied. *See Commonwealth v. Cambric*, 74 WAL 2020, 237 A.3d 387 (Pa. filed July 16, 2020). Appellant did not file a petition for a writ of *certiorari* with the Supreme Court of the United States.

Appellant filed the instant, timely *pro se* PCRA petition on July 1, 2021. The PCRA court appointed counsel who filed an amended petition, and the Commonwealth subsequently filed an answer. Appellant filed a supplement to his amended petition on October 4, 2022. Following an evidentiary hearing, the PCRA court denied Appellant's PCRA petition. As part of its opinion accompanying the order denying Appellant's PCRA petition, the PCRA court set forth the following findings of fact relating to Appellant's PCRA petition:

1. On July 17, 2018, [the trial court] sentenced [Appellant] to, *inter alia*, life imprisonment for first-degree murder.

2. [Appellant] would not consider a plea bargain or guilty plea because he planned to litigate speedy trial issues on direct appeal if he was not acquitted at trial.

3. Defense counsel (notably, pre-trial counsel Greg Neugebauer[, Esq.,] and trial counsel Gary Vitko[, Esq.]) explored and relayed tentative plea deal possibilities to [Appellant]. [Appellant] has not established that the Commonwealth ever presented a firm plea offer.

---

[2] 18 Pa.C.S. §§ 2502(a), 903, 2702(a)(1) and (a)(4), 3925(a), 4910(1), respectively.

4. [Appellant] ***intentionally*** withheld information from all defense counsel, particularly information pertaining to the events directly surrounding the shooting. [Appellant] maintained his innocence throughout trial and never told his defense attorneys that he shot the victim.

5. [Appellant] first admitted to shooting the victim when [Appellant] testified at the [PCRA] hearing.

6. Trial counsel implemented a defense strategy, *i.e.*, theory of the case, primarily based on misidentification; the defense strategy was consistent with [Appellant's] claim of innocence. Nevertheless, trial counsel requested a self-defense instruction because [Appellant] insisted that trial counsel make the request. The trial court denied the request.

7. Trial counsel credibly testified to [Appellant's] substantial involvement in preparing the defense. Trial counsel deemed [Appellant] to be highly intelligent, which is consistent with the trial court's perception of [Appellant] throughout the case.

8. [Appellant] has not identified any expert witnesses who were available and willing to testify at trial for [Appellant]. [Appellant] did not identify any expert witnesses who were available and willing to testify at the [PCRA] hearing for [Appellant]. No expert witnesses testified at the [PCRA] hearing.

PCRA Ct. Op., 2/22/23, at 2-3 (emphasis in original) (some formatting altered).[3]

Appellant filed a timely notice of appeal on April 4, 2023. On May 8, 2023, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After receiving an extension, Appellant timely filed his Rule 1925(b) statement on June 20,

---

[3] While the PCRA court's order and accompanying opinion denying Appellant's PCRA petition are dated February 22, 2023, they were not docketed until March 6, 2023.

- 4 -

2023.[4]  On June 29, 2023, the PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a), wherein it relied upon its March 6, 2023 opinion.  *See* PCRA Ct. Op., 6/29/23, at 1.

Appellant raises the following issues for our review:

1. Whether trial counsel was ineffective in failing to address a Commonwealth witness's ability to identify individuals at the time of trial but not prior to same?

2. Whether trial counsel was ineffective for stipulating to Appellant's failure to have a license to carry a firearm, thus permitting the trial court to instruct the jury that they may infer guilt as a result of the same?

3. Whether the present matter should be remanded for further hearing to address issues which are in need of further development?

Appellant's Brief at 4 (formatting altered).

---

[4] We note, with disapproval, that Appellant's concise statement of matters complained of on appeal was not concise, as Appellant's statement contained thirty-one issues over thirty pages.  *See* Appellant's Rule 1925(b) Statement, 6/20/23; PCRA Ct. Op., 6/29/23 at 1-2 (noting Appellant raised "voluminous" and "excessive" issues).  This Court has repeatedly held that the Rule 1925(b) statement is a "crucial component of the appellate process" and that the statement must be "concise and coherent such that the trial court judge may be able to identify the issues to be raised on appeal, and the circumstances must not suggest the existence of bad faith."  ***Commonwealth v. Juray***, 275 A.3d 1037, 1041 n.4 (Pa. Super. 2022) (citations omitted and formatting altered).  Because Appellant has identified the issues raised for our review with sufficient specificity in his appellate brief that our ability to render meaningful appellate review has not been hindered, we decline to find waiver on this basis.  ***See id.***

**Ineffective Assistance of Counsel**

In his first two issues, Appellant raises claims of ineffective assistance of counsel. We begin with our well-settled standard of review:

> In reviewing the denial of a PCRA petition, our standard of review is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.
>
> Furthermore, to establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.
>
> *     *     *
>
> Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043-44 (Pa. Super. 2019) (citations omitted and formatting altered) *see also Commonwealth v. Bardo*, 105 A.3d 678, 684 (Pa. 2014) (stating that "[c]ounsel is presumed effective, and the petitioner bears the burden of proving otherwise"). Additionally, "[c]ounsel cannot be found ineffective for failing to pursue a

baseless or meritless claim." ***Commonwealth v. Davis***, 262 A.3d 589, 596 (Pa. Super. 2021) (citation omitted and formatting altered).

In his first issue, Appellant claims that Gary F. Vitko, Esq., (trial counsel) was ineffective when cross-examining Edward Gawel, Sr. at trial. Specifically, Appellant contends that it was trial counsel, rather than the Commonwealth, who elicited testimony from Mr. Gawel, who was able to identify Appellant as the shooter. Appellant's Brief at 16. Appellant further argues that trial counsel was ineffective for failing to request a ***Kloiber***[5] instruction "on the inability of Mr. Gawel to previously identify Mr. Reed or, more importantly, Appellant, as being present at the time of the shooting." ***Id.*** at 18.

> As a previous panel of this Court has noted:
>
> A ***Kloiber*** instruction informs the jury that an eyewitness identification should be viewed with caution when either the witness did not have an opportunity to view the defendant clearly, equivocated on the identification of the defendant, or has had difficulties identifying the defendant on prior occasions.
>
> However, where an eyewitness has had protracted and unobstructed views of the defendant and consistently identified the defendant throughout the investigation and trial, there is no need for a ***Kloiber*** instruction. Moreover, when a witness does not identify the defendant in court or declines to identify the defendant in court, a ***Kloiber*** instruction is not required.

***Commonwealth v. Colon***, 230 A.3d 368, 376 (Pa. Super. 2020) (citations omitted and formatting altered).

Here, the PCRA court concluded as follows:

---

[5] ***See Commonwealth v. Kloiber***, 106 A.2d 820 (Pa. 1954).

- 7 -

> This allegation of error fails to satisfy the third prong of the ineffectiveness test, *i.e.*, there is not a reasonable probability that the outcome of the proceedings would have been different had trial counsel requested the jury instruction. The evidence presented at trial was voluminous, as noted by the Superior Court in rejecting [Appellant's] weight of the evidence challenge on direct appeal, where [Appellant] questioned the veracity (or perhaps consistency) of eyewitness testimony. **Commonwealth v. Cambric**, 2020 WL 689648 at *3 (Pa. Super. filed Feb. 11, 2020). "The video evidence alone, if believed by the fact finder, was enough to convict [Appellant]." **Id.**

PCRA Ct. Op., 2/23/23, at 14.

Based on our review of the record, we find that the PCRA court did not err when it concluded that Appellant is not entitled to relief on his first issue. **See Sandusky**, 203 A.3d at 1043. In his brief, Appellant includes extensive discussion of the first two prongs of ineffective assistance of counsel— arguable merit and whether counsel had a reasonable basis for pursuing or not pursuing a particular course of action. **See** Appellant's Brief at 15-21. However, Appellant does not include any discussion as to whether there was a reasonable probability that the outcome of his trial would have been different but for trial counsel's alleged errors. **See Sandusky**, 203 A.3d at 1044. Because Appellant failed to satisfy this prong of the ineffective assistance of counsel test, we conclude that Appellant is not entitled to relief. **See id.** (quoting **Commonwealth v. Daniels**, 963 A.2d 409, 419 (Pa. 2009)).

In his second issue, Appellant contends that trial counsel was ineffective for stipulating to the fact that Appellant was not licensed to carry a firearm. Appellant's Brief at 22. Appellant argues that the stipulation relieved the Commonwealth of its burden of proving that Appellant did not have a license

to carry a firearm, in violation of Appellant's due process rights. *See id.* at 25. Appellant further argues that trial counsel was ineffective for failing to argue that the Commonwealth had alternative means of proving that Appellant did not have a license to carry a firearm other than the stipulation or introducing evidence of Appellant's conviction of aggravated assault. *Id.* at 26. Specifically, Appellant suggests that the Commonwealth could have presented testimony from the Pennsylvania State Police as to Appellant's licensure status. *Id.*

Preliminarily, we note that the Commonwealth did not charge Appellant with violating any provisions of the Uniform Firearms Act in this case.[6] As noted above, the Commonwealth charged Appellant with, *inter alia*, murder and aggravated assault. The Uniform Firearms Act states that in a trial for a defendant charged with committing or attempting to commit murder, aggravated assault, or any other crime enumerated in 18 Pa.C.S. § 6105[7] (persons not to possess firearms), "the fact that [the defendant] was armed with a firearm . . . and had no license to carry [a firearm], shall be evidence of [the defendant's] intention to commit the offense." 18 Pa.C.S. § 6104. Of relevance to the instant case, both murder and aggravated assault are enumerated offenses under Section 6105. *See* 18 Pa.C.S. § 6105(b). Therefore, although Appellant was not charged with any offenses under the

_____

[6] 18 Pa.C.S. §§ 6101-6128.

[7] Both murder and aggravated assault are enumerated offenses under Section 6105 of the Uniform Firearms Act. *See* 18 Pa.C.S. § 6105(b).

Uniform Firearms Act in this case, the Commonwealth introduced evidence that Appellant could not legally possess a firearm to show intent under Section 6104.

A previous panel of this Court stated:

Our Supreme Court has held that an instruction based on § 6104 violates due process "when it form[s], **by itself**, the mandatory basis of a mandatory presumption of intent." **Commonwealth v. Kelly**, 724 A.2d 909, 913 (Pa. 1999) (emphasis in original). However, instructions that create a permissive inference of intent have been upheld. **See Commonwealth v. Hall**, 830 A.2d 537, 549-50 (Pa. 2003). This is because a permissive inference leaves the fact-finder free to accept or reject the inference. **Id.** at 547-48. Accordingly, due process is only implicated in those permissive inference circumstances where, "under the facts of the case, there is no rational way the trier [of fact] could make the connection permitted by the inference. **Id.** at 546.

**Commonwealth v. Gaynor**, 1726 EDA 2021, 2022 WL 2764814 at *4 (Pa. Super. filed July 15, 2022) (unpublished mem.)[8]; **see also Commonwealth v. Fitzgerald**, 877 A.2d 1273, 1275 (Pa. Super. 2005).

Here, the PCRA court reached the following conclusion:

The Commonwealth was entitled to a jury instruction on intent. [Appellant] has not established that the Commonwealth was not entitled to the instruction. [Appellant] and trial counsel agreed to a stipulation that [Appellant] did not have a license to carry a firearm because it was clearly the least prejudicial method for the Commonwealth to present the relevant evidence (that [Appellant] did not have a license to carry a firearm). [Appellant] never presented a less prejudicial option, and [Appellant] did not establish that the stipulation was so prejudicial as to outweigh its probative value. Ultimately, [Appellant's] acquiescence to the stipulation was clearly a matter of reasonable trial strategy.

---

[8] We may cite to this Court's unpublished memoranda filed after May 1, 2019, for persuasive value. **See** Pa.R.A.P. 126(b).

- 10 -

Moreover, [Appellant] both understood the meaning of the stipulation and agreed to the stipulation.

PCRA Ct. Op., 2/23/23, at 13-14 (citations omitted and some formatting altered).

Based on our review of the record, we conclude that the PCRA court did not err when it found that Appellant was not entitled to relief on his second issue. Appellant claims that trial counsel should have argued that the Commonwealth could have presented testimony from the Pennsylvania State Police as to whether Appellant was licensed to carry a firearm rather than entering the stipulation. Appellant's Brief at 22-27. At no point, however, does Appellant discuss how this alternative course of action would have resulted in a different outcome at trial. *See Sandusky*, 203 A.3d at 1044. Moreover, it is axiomatic that appellate courts "do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken." *Id.* at 1043-44. Therefore, we agree with the PCRA court that Appellant failed to meet his burden of establishing the three prongs of the test for ineffective assistance of counsel. *See id.* Accordingly, Appellant is not entitled to relief on his second issue.

In his final issue, Appellant, through current counsel, alleges that prior PCRA counsel, Michael Carbonara, Esq. (prior PCRA counsel), was ineffective in litigating Appellant's PCRA petition and that it is necessary to remand this case to the PCRA court for a "hearing to develop the record on the issues related to [prior] PCRA counsel's ineffectiveness in this matter[.]" Appellant's

- 11 -

Brief at 29. In support, Appellant raises two issues of prior PCRA counsel's alleged ineffectiveness. First, Appellant contends that prior PCRA counsel was ineffective for failing to raise an issue that trial counsel had a conflict of interest involving one of the affiants in the instant case. *Id.* at 29-32. Specifically, Appellant argues that prior PCRA counsel was ineffective for failing to raise this issue and that this case "should be remanded to make inquiry as to the circumstances of trial counsel's representation of [Johnstown Police Detective Lawrence] Wagner, including when the same took place." *Id.* at 32. Second, Appellant alleges that prior PCRA counsel was ineffective for failing to raise an issue concerning trial counsel's ineffectiveness for failing to appropriately communicate with pre-trial counsel. *Id.* at 33. Appellant contends that this case should be remanded for further inquiry as to whether trial counsel's failure to communicate with pre-trial counsel caused prejudice to Appellant. *Id.* at 36.

Preliminarily, we note that these issues are properly before this Court. Our Supreme Court has adopted a rule permitting PCRA petitioners to "raise claims of ineffective [assistance of] PCRA counsel at the first opportunity, even if on appeal." *Commonwealth v. Bradley*, 261 A.3d 381, 405 (Pa. 2021). This Court has held that *Bradley* permits us to review an allegation of prior PCRA counsel's ineffectiveness, even if it is raised for the first time on appeal, rather than in a response to a Rule 907 notice. *See Commonwealth v. Taylor*, 1654 MDA 2022, 2023 WL 5202414 at *3 (Pa. Super. filed Aug. 14, 2023) (unpublished mem.).

- 12 -

As noted, Appellant first contends that prior PCRA counsel was ineffective for failing to argue that trial counsel had a conflict with Detective Wagner, and that a continuance should have been granted in order for new counsel to be appointed. Appellant's Brief at 29, 31-32. In other words, Appellant is raising a layered claim of ineffective assistance of counsel.

"Where a petitioner alleges multiple layers of ineffectiveness, he is required to plead and prove, by a preponderance of the evidence, each of the three prongs of ineffectiveness relevant to each layer of representation." *Commonwealth v. Parrish*, 273 A.3d 989, 1004 n.11 (Pa. 2022) (citation omitted). To be eligible for relief on layered claims of ineffective assistance of counsel, the petitioner must plead and prove that:

> (1) trial counsel was ineffective for a certain action or failure to act; and (2) [subsequent] counsel was ineffective for failing to raise trial counsel's ineffectiveness. As to each relevant layer of representation, [a petitioner] must meet all three prongs of the *Pierce*[9] test for ineffectiveness. A failure to satisfy any of the three prongs of the *Pierce* test requires rejection of a claim of ineffective assistance of trial counsel, which, in turn, requires rejection of a layered claim of ineffective assistance of [subsequent] counsel.
>
> Thus, if the petitioner cannot prove the underlying claim of trial counsel ineffectiveness, then petitioner's derivative claim of [subsequent] counsel ineffectiveness of necessity must fail, and it is not necessary for the court to address the other two prongs of

---

[9] *See Commonwealth v. Pierce*, 527 A.2d 973, 975-76 (Pa. 1987) (explaining that to succeed on a claim asserting the ineffective assistance of counsel, the petitioner must establish: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction); *see also Thomas*, 323 A.3d at 620-21 (same).

the **Pierce** test [*i.e.*, the reasonable basis and prejudice prongs] as applied to [subsequent] counsel.

**Commonwealth v. Chmiel**, 30 A.3d 1111, 1128 (Pa. 2011) (citations omitted and formatting altered).

As Appellant concedes in his brief, the issue involving trial counsel's alleged underlying conflict was presented to this Court on direct appeal; however, it was not raised in the context of ineffective assistance of counsel. **Id.** at 32.

On direct appeal, this Court considered the issue of whether the trial court abused its discretion by denying Appellant's oral motion to recuse trial counsel for a conflict of interest. **Cambric**, 2020 WL 689648 at *4. This Court reached the following conclusion:

> [Appellant] takes issue with the fact that [trial] counsel had previously prepared estate planning documents for [Detective Wagner]. [Trial counsel] also probated [Detective Wagner's] parents' estates. Finally, [trial] counsel had an informal discussion with [Detective Wagner] regarding a civil suit shortly before trial, but testified that no attorney-client relationship had been created by this conversation.
>
> Here, [Appellant] has failed to demonstrate that [trial] counsel "actively represented conflicting interests." Under these circumstances, we conclude that this is not a case of concurrent representation because, as alleged by [Appellant], his concern regards trial counsel's previous representation of a Commonwealth witness in cases that were unrelated to the instant matter, and that had been concluded prior to [Appellant's] trial. Because this case involves successive and not dual representation, [Appellant] must demonstrate that he was prejudiced by any conflict of interest. **See Commonwealth v. Cousar**, 154 A.3d 287, 310 (Pa. 2014); **see also Commonwealth v. Karenbauer**, 715 A.2d 1086, 1094 (Pa. 1998) (holding that "[a] defendant cannot prevail on a conflict of interest claim absent a showing of actual prejudice").

[Appellant] has failed to demonstrate the requisite prejudice as he provides no nexus between trial counsel's previous representation of [Detective Wagner] and counsel's performance at [Appellant's] trial. His concerns seem to be merely speculative. Additionally, the trial court took precautionary measures to protect [Appellant's] due process rights, specifically engaging in a colloquy with [Appellant] to ensure a full and fair opportunity to cross-examine the witness. [Appellant] was given the opportunity to ensure trial counsel asked all questions [Appellant] wanted posed to the witness and that trial counsel did not ask any questions [Appellant] did not want posed. [Appellant] offers no evidence that trial counsel restricted his cross-examination of the Commonwealth witness because he was laboring under a conflict of interest. Rather, [Appellant] specifically testified that he was satisfied with trial counsel's cross-examination.

*Id.* (citations omitted and some formatting altered).

Although this issue was not raised in the context of an ineffective assistance of counsel claim on direct appeal, based on this Court's conclusion in Appellant's direct appeal, we find that Appellant's claim lacks arguable merit and, therefore, Appellant's claim of ineffective assistance of counsel must fail. *See Sandusky*, 203 A.3d at 1043. Accordingly, Appellant is not entitled to relief.

As stated, Appellant next argues that prior PCRA counsel was ineffective for failing to argue that "trial counsel was ineffective for failing to appropriately communicate with prior counsel[.]" Appellant's Brief at 33. In his brief, Appellant makes only the general statements that "trial counsel clearly failed Appellant by not discussing his case with [pre-trial] counsel and investigating issues which may have been presented if such inquiry was made. As such, it

would be submitted that trial counsel, given his lack of effort in this regard, has lost the presumption of effectiveness." *Id.* at 36.

Appellant provides only boilerplate allegations and bald assertions of prejudice. *See Bradley*, 261 A.3d at 405; *Sandusky*, 203 A.3d at 1044. Moreover, our Supreme Court has stated that a PCRA evidentiary hearing "is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." *Commonwealth v. Roney*, 79 A.3d 595, 605 (Pa. 2013) (citation omitted and formatting altered).

In the instant case, Appellant has failed to meet his burden in establishing prejudice that would warrant remand. For these reasons, Appellant is not entitled to relief, and we affirm the order denying PCRA relief.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 02/19/2025