J-S54038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MARK JOHNSON | : | |
| | : | |
| Appellant | : | No. 338 WDA 2017 |

Appeal from the Judgment of Sentence February 10, 2017
In the Court of Common Pleas of Fayette County
Criminal Division at No(s):  CP-26-CR-0000504-2016

BEFORE:   OTT, MOULTON, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED SEPTEMBER 21, 2017**

Appellant, Mark Johnson, appeals from the judgment of sentence entered in the Fayette County Court of Common Pleas.  He contends there was insufficient evidence to sustain his conviction for possession with intent to deliver a controlled substance ("PWID").[1]  We affirm.

The trial court summarized the facts of this case as follows:

> During the trial, the Commonwealth presented the testimony of Bryan Kendi, a police corporal for the City of Connellsville, Fayette County, and a detective with the Bureau of Investigations Fayette County, and **an expert on controlled drug buys**.  On July 23, 2015, Officer Kendi was working with a confidential informant

---

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

(hereinafter the "CI") who provided [Appellant's] name prior to the transaction.[2] The CI's person, including all items of his clothing, was thoroughly searched to be sure they were free of any contraband prior to the controlled buy. Likewise, everything inside the passenger compartment of the vehicle—the dash, the front and back seats, under the seats, the glove box, the center console, etc.—was carefully searched to ensure no contraband was hidden therein. Officer Kendi was present to hear **a telephone communication between the CI and a person who agreed to sell the CI two twenty dollar bags of marijuana**, typically about one gram. The sale was to take place in the parking lot of the J.C. Penney store in the back of the Uniontown Mall in Uniontown, Fayette County, Pennsylvania.

Officer Kendi and his partner, Detective [Brian] Harvey, driving an unmarked drug task force vehicle, followed the CI as he drove to the mall in his own vehicle. Officer Kendi never lost sight of the CI as he drove, nor did the CI make any other stops along the route. Upon arriving at the parking lot, the police officers took up a surveillance position several parking spaces from the CI's vehicle. They had a clear, unobstructed view of the CI's location. Shortly after 1:00 P.M. in the afternoon of July 23, 2015, a blue Ford Explorer arrived in the lot and pulled in by the CI's vehicle. **[Appellant], who was clearly seen by Officer Kendi on the day of the crimes and identified by the officer for the jury at the trial**, exited the passenger side of the Explorer and got into the passenger side of the CI's vehicle. Officer Kendi observed movements inside the CI's vehicle that were consistent with a hand-to-hand buy although he did not actually see the transaction itself. After [Appellant] left the CI and re-entered the passenger side of the Ford Explorer, said vehicle drove off out of the parking lot. **The police officers then followed the CI back to the undisclosed**

_____

[2] The officer testified that "we do a little research on the target and the information that I did get was [sic] picture from the driver's photo ID, not only to know who we are dealing with but to use that for identification." N.T., 2/6/17, at 8.

**location where the CI turned over to Officer Kendi two small baggies of suspected marijuana**, after which the CI's persona and vehicle were again searched and found to be free of contraband. Also gone was forty dollars ($40.00) in task force funds that had been provided for the CI to use in making the buy. Officer Kendi later transported the suspected marijuana to the State Police Crime Lab in Greensburg, Westmoreland County, where it was tested and determined with certainty to be two point seven (2.7) grams of marijuana.

Trial Ct. Op., 3/7/17, at 1-3 (citations omitted and emphases added).

At trial, Officer Harvey testified for the Commonwealth. N.T. at 50.

[The Commonwealth:] . . . You were involved since the beginning as well with Mr. Kendi so I will just speed up toward the end. At some point did you go to the Uniontown Mall for a controlled buy to monitor?

A: Yes, sir.

Q: What vehicle were you in?

A: I was in Detective Kendi's vehicle.

Q: You were in an undercover and unmarked vehicle?

A: Yes.

Q: Can you tell the [c]ourt what happened when you guys got to the location of the mall?

A: Yes. We followed the informant to the mall. He parked and we parked in a location a short distance away so that we could keep him and the vehicle under constant view.

Q: At that time was there any—was the target vehicle there at that time when you first arrived there?

A: Not when we first arrived, no.

\* \* \*

Q: Sir, can you describe the layout of where your vehicle was in connection to any other vehicle there, particularly the CI's vehicle?

A: We were parked approximately fifty to seventy-five feet away. There was no vehicle in between us and the CI's vehicle.

Q: Okay. And can you tell the Court what happened next?

A: A short time later, a blue Ford Explorer entered the lot from behind us and pulled up next to where the CI was and someone got out of the passenger side of the vehicle, walked around the front and entered the passenger side of the CI's vehicle.

Q: Did anything obstruct your view during that time frame?

A: No, sir.

\*     \*     \*

Q: And you were able to observe the target as far as getting out of the Explorer, from the time that he exited the vehicle until he re-entered it?

A: Yes.

Q: Were you able to get a good look at the suspect?

A: Yes.

\*     \*     \*

Q: And you said that you did the [sic] get the opportunity prior to view a photograph of the suspect?

A: Yes, sir.

Q: Did the person that you saw match the photograph?

A: They did, yes.

Q: Now, sir, the individual that you identified at the time or thought was [Appellant], do you see here [sic] him in the courtroom today?

A: Yes, sir.

* * *

[The Commonwealth:] Let the record reflect that the witness has identified [Appellant].

*Id.* at 51-54.

At trial, Douglas John Samber, a forensic scientist with the Pennsylvania State Police in Greensburg, testified as an expert for the Commonwealth. *Id.* at 44.

[The Commonwealth:] Do you have an estimate as how many times since 2001 that you have tested marijuana to determine whether it is—test to see if it is marijuana?

A: At least one thousand, conservatively speaking.

* * *

To positively identify marijuana, we use three tests. There is no instrumentation. The forensic community accepts the three methods of confirmatory tests for marijuana. We look at it microscopically and there are structures specific to marijuana and if it has those structures, then it is positive. We do a color test and simple chromatography.

* * *

Q: Sir, what were your conclusions with the [sic] respect to the weight and analysis of the item?

A: The weight of the two items contained two point seven zero grams and contained marijuana, a schedule one.

Q: Okay. Would you say that this opinion was made within a reasonable degree of scientific certainty?

A: Yes.

*Id.* at 45, 47-48.

Following a jury trial, Appellant was found guilty of PWID. On February 10, 2017, he was sentenced to nine to twenty-four months' imprisonment.[3] This timely appeal followed. Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court filed a responsive opinion.

Appellant raises the following issue for our review: "Whether the evidence was legally and factually insufficient to prove that [Appellant] was guilty of possession with the intent to deliver and delivery of a controlled substance?" Appellant's Brief at 7. Appellant contends

> [t]he Commonwealth did not present evidence beyond a reasonable doubt that Appellant was guilty of the crime charged.
>
> Specifically, Appellant argues that the Commonwealth failed to present sufficient evidence through its witnesses to establish beyond a reasonable doubt that he was guilty of the crime charged. It is clear that the jury was confused in this matter and could not have found the Appellant guilty beyond a reasonable doubt.
>
> The evidence was insufficient to sustain the verdict as the Commonwealth failed to prove each and every element of the crimes charged. The evidence was insufficient to establish that Appellant was guilty beyond a reasonable doubt of the crimes charged.

---

[3] The sentence in the case *sub judice* was to run concurrently with a sentence imposed at No. 906 of 2016. *See* Sentence, 2/10/16/ at 2.

- 6 -

* * *

Based on the testimony and evidence presented, the Commonwealth failed to present sufficient evidence regarding the identification of the Appellant. The Commonwealth further failed to establish that [Appellant] delivered marijuana to the informant on the day in question.

Appellant's Brief at 12, 16.

As a prefatory matter, we consider whether Appellant has waived the sufficiency of the evidence claim. The issue presented in Appellant's Rule 1925(b) statement is as follows: "Whether the evidence was legally and factually insufficient to prove that [Appellant] was guilty pf possession with the intent to deliver and delivery of a controlled substance?" Appellant's Pa.R.A.P. 1925(b) Statement, 3/1/17, at 1.

In **Commonwealth v. Garang**, 9 A.3d 237 (Pa. Super. 2010), this Court opined: "[W]hen challenging the sufficiency of the evidence on appeal, the [a]ppellant's 1925 statement must specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal." **Id.** at 244 (citations and quotation marks omitted). However, our Supreme Court in **Commonwealth v. Laboy**, 936 A.2d 1058 (Pa. 2007), held that although the appellant's Rule 1925(b) statement did not develop a sufficiency of the evidence claim, this Court "should have afforded the requested sufficiency review" in a "relatively straightforward drug case." **Id.** at 1060. In the instant case, although Appellant's 1925(b)

statement failed to develop the sufficiency of the evidence claim, we decline

to find waiver on this basis.[4]  *See id.*

Our review is governed by the following principles:

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact finder to find every element of the crime beyond a reasonable doubt.  In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder.  In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence.  Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.  The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.  Moreover, in applying the above test, the entire record must be evaluated and all evidence actually

---

[4] We note that in his brief, Appellant avers that he "challenges the weight and sufficiency of the evidence to support his conviction . . . ."  Appellant's Brief at 10.  In *Commonwealth v. Griffin*, 65 A.3d 932 (Pa. Super. 2013), this Court held the defendant

> did not preserve a weight of the evidence claim through inclusion in his court-ordered Rule 1925(b) Statement, and thus [the trial court's] Rule 1925(a) Opinion does not address it.  As such, we find this allegation waived for purposes of appeal.

*Id.* at 938.  Similarly, in the case at bar, Appellant did not raise the weight of the evidence claim in his Rule 1925(b) statement.  Therefore, we find it waived.  *See id.*; Pa.R.A.P. 1925(b)(4)(vii).  Furthermore, Appellant did not raise the issue of the weight of the evidence in the trial court.  *See* Pa.R.Crim.P. 607.

received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Ratsamy*, 934 A.2d 1233, 1236 n.2 (Pa. 2007) (citation omitted).

In *Commonwealth v. Little*, 879 A.2d 293 (Pa. Super. 2005), this Court

> consider[ed] whether the Commonwealth presented sufficient evidence to sustain [the defendant's] conviction for possession with intent to deliver. Section 780-113(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act prohibits the following acts:
>
> > [T]he manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.
>
> 35 [P.S.] § 780-113(a)(30). The Commonwealth establishes the offense of possession with intent to deliver when it proves beyond a reasonable doubt that the defendant possessed a controlled substance with the intent to deliver it.
>
> To determine whether the Commonwealth presented sufficient evidence to sustain [the defendant's] conviction for possession with intent to deliver, all of the facts and circumstances surrounding the possession are relevant and the elements of the crime may be established by circumstantial evidence.

*Id.* at 297 (some citations omitted).

In conducting a sufficiency of the evidence review, we view all of the evidence in the light most favorable to the Commonwealth as verdict winner. *See Ratsamy*, 934 A.2d at 1236 n.2. The elements of the crime may be established by circumstantial evidence. *See Little*, 879 A.2d at 297.

Instantly, the Commonwealth's expert witness, Officer Kendi, testified that he heard a telephone conversation between the CI and an individual who agreed to sell the CI marijuana. The expert also testified that he saw Appellant get into the passenger side of the CI's vehicle. He observed movements inside the CI's vehicle that were consistent with a hand-to-hand transaction. The police officers followed the CI back to an undisclosed location at which time the CI gave Officer Kendi two bags of suspected marijuana.

Officer Harvey also testified to monitoring the controlled buy. He identified Appellant as the target who entered the passenger side of the CI's vehicle. The jury also heard expert testimony from the Commonwealth's forensic scientist who positively identified the contents of the bags as marijuana.

In light of this record, we find the evidence, when viewed in a light most favorable to the Commonwealth, was sufficient to establish that Appellant delivered marijuana to the CI. *See Ratsamy*, 934 A.2d at 1236 n.2. We find there was sufficient evidence to sustain Appellant's conviction

for PWID.   *See Little*, 879 A.2d at 297.   Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2017