J-A03033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEVIN BOYLE, | |
| Appellant | No. 2561 EDA 2017 |

Appeal from the Judgment of Sentence July 11, 2017
in the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-CR-0000708-2017

BEFORE: GANTMAN, P.J., McLAUGHLIN, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED APRIL 27, 2018**

Appellant, Kevin Boyle, appeals from the judgment of sentence imposed July 11, 2017, following his non-jury trial conviction of driving under the influence (DUI)—controlled substances, possession of drug paraphernalia, and failing to signal.[1] Appellant challenges the admissibility of the arresting officer's testimony and the sufficiency of the evidence to support his conviction. We affirm.

We take the factual and procedural history in this matter from our review of the certified record and the trial court's October 2, 2017 opinion. On November 16, 2016, Officer Matthew Uffelman of the Darby Borough Police

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3802(d)(2), 35 P.S. § 780-113(a)(32), and 75 Pa.C.S.A. § 3334, respectively.

Department stopped Appellant's vehicle after Appellant made a left turn without using a turn signal. (*See* N.T. Trial, 5/08/17, at 6-7). Upon approaching the car, Officer Uffelman asked Appellant for his license, registration, and insurance. (*See id.* at 8-9). Appellant stated that he was a suspended driver and did not have a license. (*See id.* at 9).

During the interaction, Officer Uffelman observed that Appellant was slurring his speech and talking very slowly. He was shaking uncontrollably while fumbling through his documents. Officer Uffelman also noticed that Appellant's eyes were bloodshot and glassy. (*See id.*).

While Appellant was going through his belongings, he reached down toward his foot, where Officer Uffelman observed the handle of a machete sticking out from underneath the driver's seat. Officer Uffelman then asked Appellant to exit the vehicle and performed a security pat down. (*See id.* at 9-10). While Officer Uffelman conducted the pat down, he observed that Appellant was still slurring his speech and was swaying from side to side as if to stabilize himself while he had his hands on the back of the trunk of the vehicle. (*See id.* at 11).

After Officer Uffelman went back to the vehicle to retrieve the machete, he saw a spoon and hypodermic needle in the driver's side door panel. (*See id.*). The spoon was bent, had burn marks on the bottom, and white powdery residue on top. (*See id.*). Officer Uffelman took Appellant into custody for possession of drug paraphernalia and suspicion of DUI. Appellant refused a

blood test, but admitted that he had used methamphetamine the prior day. (***See id.*** at 12).

The court conducted a non-jury trial on May 8, 2017. At trial, the Commonwealth offered Officer Uffelman as a lay witness, who would testify about his opinion as to being under the influence of a controlled substance based on his experience and training as a police officer. (***See id.*** at 16-17). Appellant objected, arguing that whether someone was under the influence of a controlled substance required an expert opinion. (***See id.*** at 17). The Commonwealth clarified that it was only offering Officer Uffelman's testimony as a lay opinion, and the trial court admitted it as such.

Officer Uffelman opined that, based on Appellant's slurred speech, unsteadiness, shakiness, and possession of drug paraphernalia where he was seated, he had been under the influence of a controlled substance. (***See id.*** at 19). Officer Uffelman explained that unsteadiness and nervous tics could be signs of somebody under the influence of methamphetamine. (***See id.*** at 20).

On May 11, 2017, the trial court entered a verdict of guilty for DUI, possession of drug paraphernalia, and failing to use a turn signal. The court found Appellant not guilty of driving while his license was suspended.[2] The court ordered a presentence investigation report (PSI). On June 6, 2017, Appellant moved for a judgment of acquittal based on the Commonwealth's

---

[2] 75 Pa.C.S.A. § 1543(a).

failure to introduce expert testimony concerning whether Appellant was under the influence of a controlled substance. The trial court conducted a hearing on Appellant's motion on June 20, 2017, and took the matter under advisement. On July 11, 2017, at the start of Appellant's sentencing hearing, the trial court heard further argument on Appellant's motion for acquittal, and denied the motion. (**See** N.T. Sentencing, 7/11/17, at 4-16).

Thereafter, with the benefit of a PSI, the court sentenced Appellant to not less than seventy-two hours nor more than six months of incarceration. This timely appeal followed.[3]

Appellant presents two questions on appeal.

1. [Whether, i]n the non-jury trial of this case, the court committed legal error and/or abused its discretion by admitting into evidence, over the objection of [Appellant], the lay opinion testimony of Officer Matthew Uffelman of the Darby Borough Police Department, because the admission of such lay opinion testimony violated Rules 701 and 702 of the Pennsylvania Rules of Evidence, the Federal Constitution's Sixth and Fourteenth Amendments, and Pennsylvania Constitution Article I, Sec. 9[?]

2. [Whether t]he trial court committed legal error by entering a verdict against the sufficiency of the evidence (i) in denying [Appellant's] first motion for judgment of acquittal (a challenge to the sufficiency of the evidence to sustain a conviction of a charge of Driving Under the Influence of a Drug, 75 P[a].C.S.[A.] Section 3802(d)(2)[], and Use/Possession of Drug Paraphernalia[,] 35 P.S. Section 780-113(a)(32)), made at the close of the Commonwealth's case-in-chief, pursuant to Pa.R.Crim.P. 606(A)(1), and (ii) in denying [Appellant's] second motion for judgment of acquittal (a challenge to the

---

[3] Pursuant to the trial court's order, Appellant filed his concise statement of errors complained of on appeal on August 25, 2017. The trial court entered its opinion on October 2, 2017. **See** Pa.R.A.P. 1925.

> sufficiency of the evidence to sustain a conviction of a charge of Driving Under the Influence of a Drug, 75 P[a].C.S.[A.] Section 3802(d)(2)), made orally before sentencing pursuant to Pa.R.Crim.P. 606(A)(5) and 704(B)[?]

(Appellant's Brief, at 5-6).

Appellant's first issue challenges the trial court's admissibility of Officer Uffelman's lay opinion testimony. (*See id.* at 11-18). Specifically, he argues that Officer Uffelman failed to explain how his observations of Appellant proved that he was under the influence of methamphetamine, and that any opinion concerning whether a driver was under the influence of methamphetamine is based on specialized knowledge and thus requires an expert opinion. (*See id.* at 15-18).[4] We disagree.

Our standard of review for a challenge to the trial court's admissibility of lay opinion testimony is

> . . . well settled: "The admissibility of evidence is a matter for the discretion of the trial court and a ruling thereon will be reversed on appeal only upon a showing that the trial court committed an abuse of discretion." ***Commonwealth v. Poplawski***, 130 A.3d 697, 716 (Pa. 2015) (citation omitted). Pursuant to Pennsylvania Rule of Evidence 701, Opinion Testimony by Lay Witness, lay witness testimony in the form of an opinion is limited to one that is:
>
> > (a) rationally based on the witness's perception
> >
> > (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

---

[4] Although Appellant also argues that based on this Court's decision in ***Gause***, *infra*, the Commonwealth needed to provide expert testimony to prove that Appellant was under the influence of a controlled substance, (*see* Appellant's Brief, at 16-18), because that argument challenges the sufficiency of the evidence, we will address it with Appellant's second issue.

- 5 -

(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Pa.R.E. 701 [].  Our cases further hold that lay witnesses may testify to someone's readily observable physical condition or appearance that does not require medical training. . . .

*Commonwealth v. Gause*, 164 A.3d 532, 537–38 (Pa. Super. 2017), *appeal denied*, 173 A.3d 267 (Pa. 2017) (some emphasis and one case citation omitted); *see also Commonwealth v. Huggins*, 68 A.3d 962, 967 (Pa. Super. 2013), *appeal denied*, 80 A.3d 775 (Pa. 2013) ("[A] lay witness must form an opinion based upon his or her rationally based perceptions.").

In the instant case, Officer Uffelman testified that he personally observed that Appellant's speech was slurred and he was talking slowly, he was shaking uncontrollably, his eyes were bloodshot and glassy, and upon exiting the car, he needed to steady himself by leaning on the trunk.  (*See* N.T. Trial, at 9-11).  He also personally observed the bent spoon and needle in the driver's side door and testified that Appellant told him that he had taken methamphetamine the day before.  (*See id.* at 11-12).  Finally, he testified that, based on these observations, he was of the opinion that Appellant was under the influence of a controlled substance, possibly methamphetamine. (*See id.* at 19-20).

Upon review, we conclude that Officer Uffelman's testimony was rationally based on his perception, was helpful to the trier of fact, and was not based on scientific or technical knowledge.  *See Gause*, *supra* at 537-38; *Huggins*, *supra* at 967; Pa.R.E. 701.  Therefore, the trial court did not abuse its discretion in admitting the testimony of Officer Uffelman as lay opinion

- 6 -

testimony pursuant to Pa.R.E. 701. Appellant's first issue does not merit relief.

In his second issue, Appellant claims that the evidence at trial was insufficient to prove that he was guilty of DUI-controlled substance or possession of drug paraphernalia. (**See** Appellant's Brief, at 16-23). We disagree.

Appellant's issue challenges the sufficiency of the evidence, for which our standard of review is well-settled.

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the factfinder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hutchins*, 42 A.3d 302, 306–07 (Pa. Super. 2012), *appeal denied*, 56 A.3d 396 (Pa. 2012) (citations and quotation marks omitted).

Appellant was convicted of DUI-controlled substances, under 75 Pa.C.S.A. § 3802(d)(2), which provides:

> **(d) Controlled substances.—**An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
>
>            *     *     *
>
> (2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(d)(2).

Our Supreme Court has held that section 3802(d)(2) does not contain "a mandatory requirement for expert testimony to establish that the defendant's inability to drive safely was caused by ingestion of a drug[.]" **Commonwealth v. Griffith**, 32 A.3d 1231, 1238 (Pa. 2011); **see also Gause**, **supra** at 538 ("In essence, the [**Griffith**] Court determined that expert testimony is not necessary to establish impairment under subsection 3802(d)(2) where there exists other independent evidence of impairment.").

> Pursuant to our general standard, a need for expert testimony arises when "the jury is confronted with factual issues whose resolution requires knowledge beyond the ken of the ordinary layman." **Kozak v. Struth**, 515 Pa. 554, 531 A.2d 420, 422 (1987). The need for expert testimony in a subsection 3802(d)(2) prosecution must be evaluated on a case-by-case basis, taking into account not just the specific drug at issue, prescription or otherwise, but also the nature and overall strength of the Commonwealth's evidence, viewed pursuant to the general standard expressed in **Kozak**, **supra**.

**Griffith**, **supra** at 1239.

In *Hutchins*, *supra*, the Commonwealth offered the following evidence of the appellant's guilt under section 3802(d)(2): (1) the appellant was unusually calm when talking to an investigating police officer after having been involved in a serious accident; (2) the appellant confessed that he had smoked marijuana earlier in the day; (3) marijuana was found in the appellant's vehicle; and (4) the appellant caused the accident. *See Hutchins*, *supra* at 308-09. The *Hutchins* Court concluded that considering the totality of the circumstances, viewed in the light most favorable to the Commonwealth, the evidence was sufficient to prove the appellant was guilty of DUI-controlled substance, even without expert testimony or blood test results. *See id.* at 309.

Appellant claims that based on this Court's decision in *Gause*, the Commonwealth was required to offer expert testimony that he was under the influence of a controlled substance. (*See* Appellant's Brief, at 16-18). We disagree.

In *Gause*, this Court held that it was not harmless error for the trial court in that case to permit the arresting officer to offer her lay opinion, based solely on results of the Romberg test, that the defendant had used marijuana. *See Gause*, *supra* at 540. The Court noted that "the Commonwealth provided no evidence that Gause had recently ingested marijuana[,] . . . no testimony that [his] eyes were bloodshot. Nor did [the officer] testify that she discovered any physical evidence of recent marijuana usage. Further, there was no admission from Gause that he had recently smoked marijuana."

*See id.* at 538-39. Instead, the Commonwealth relied solely on the officer's opinion that eyelid tremors exhibited while the officer performed the Romberg test indicated prior marijuana use. *See id.* at 536, 540. The Court concluded that because the officer's opinion concerning the eyelid tremors was the only evidence pertaining to marijuana impairment, admission of the Romberg test results as lay opinion was not harmless. *See id.* at 540.

The facts and circumstances of the instant case, however, are easily distinguishable from *Gause*. Here, the Commonwealth did not rely solely on results of a specific technical test, but rather offered myriad circumstantial evidence, which under the totality of the circumstances, proved that Appellant was driving while under the influence of a controlled substance. Officer Uffelman testified that he personally observed that Appellant's speech was slurred and he was talking slowly, he was shaking uncontrollably, his eyes were bloodshot and glassy, and, upon exiting the car, he needed to steady himself by leaning on the trunk. (*See* N.T. Trial, at 9-11). Officer Uffelman also testified that, he discovered a bent spoon (which testified positive for methamphetamine residue) and needle in the driver's side door. (*See id.* at 11, 13-14). Furthermore, Appellant conceded to Officer Uffelman that he did not want to undergo chemical testing because he had taken methamphetamine the day before and was concerned the test would show something in his system. (*See id.* at 12-13).

Upon review, we conclude that this case is similar to *Griffith*, wherein the Commonwealth produced other independent evidence of impairment, thus

expert testimony was not necessary to establish that Appellant was under the influence of a controlled substance. *See Griffith*, *supra* at 1239; *Gause*, *supra* at 538. Additionally, we conclude that based on the totality of the circumstances, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, the evidence is sufficient to sustain Appellant's conviction under section 3802(d)(2). *See Griffith*, *supra* at 1240 n.7; *Hutchins*, *supra* at 308-09. Thus, Appellant's challenge to the sufficiency of the evidence to support his conviction of DUI-controlled substance does not merit relief.

Finally, Appellant challenges the sufficiency of the evidence to support his conviction of possession of drug paraphernalia. (*See* Appellant's Brief, at 18-21). Appellant's claim is meritless.

Section 780–113(a)(32) of The Controlled Substance, Drug, Device and Cosmetic Act prohibits the following acts:

> The use of, or possession with intent to use, drug paraphernalia for the purpose of planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packing, repacking, storing, containing, concealing, ingesting, inhaling or otherwise introducing into the human body a controlled substance in violation of this act.

35 P.S. § 780–113(a)(32).

> [I]n determining whether an object is drug paraphernalia, a court or other authority should consider, in addition to all other logically relevant factors, statements by an owner or by anyone in control of the object concerning its use, prior convictions, if any, of an owner, or of anyone in

control of the object, under any State or Federal law relating to any controlled substance, the proximity of the object in time and space, to a direct violation of this act, the proximity of the object to controlled substances, **the existence of any residue of controlled substances on the object**, . . . the existence and scope of legitimate uses for the object in the community, and expert testimony concerning its use.

To sustain a conviction for possession of drug paraphernalia the Commonwealth must establish that items possessed by defendant were used or intended to be used with a controlled substance so as to constitute drug paraphernalia and this burden may be met by Commonwealth through circumstantial evidence.

*Commonwealth v. Little*, 879 A.2d 293, 299–300 (Pa. Super. 2005), *appeal denied*, 890 A.2d 1057 (Pa. 2005) (citations omitted, emphasis in original, some emphasis omitted).

Because the police did not find the drug paraphernalia on Appellant's person, the Commonwealth was required to establish that he constructively possessed it. This Court has stated that:

[c]onstructive possession requires proof of the ability to exercise conscious dominion over the substance, the power to control the contraband, and the intent to exercise such control. Constructive possession may be established by the totality of the circumstances. We have held that circumstantial evidence is reviewed by the same standard as direct evidence—a decision by the trial court will be affirmed so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Bricker*, 882 A.2d 1008, 1014 (Pa. Super. 2005) (citations and quotation marks omitted).

Here, the record reflects that Officer Uffelman discovered a bent spoon and needle, which he explained were "common drug paraphernalia[,]" in the

driver's side door of the vehicle that Appellant had been driving. (N.T. Trial, at 11). Residue on the spoon tested positive for methamphetamine residue. (*See id.* at 13-14).

Upon review, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we conclude that this evidence was more than sufficient to sustain Appellant's conviction for possession of drug paraphernalia. ***See***, ***e.g.***, ***Commonwealth v. Hopkins***, 67 A.3d 817, 821 (Pa. Super. 2013), *appeal denied*, 78 A.3d 1090 (Pa. 2013) (appellant constructively possessed firearm that was found in arm-length of where he was seated in vehicle he was driving); ***Little***, ***supra*** at 299–300. Appellant's challenge to the sufficiency of the evidence to support his possession of drug paraphernalia conviction does not merit relief.

Accordingly, for all of the foregoing reasons, we conclude that Appellant's claims do not merit relief, and affirm his judgment of sentence.[5]

Judgment of sentence affirmed.

---

[5] Counsel's Praecipe for Withdrawal of Appearance is denied without prejudice to raise it before the trial court.

- 13 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/27/18</u>