J-S34012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY JOSEPH CLAIR | : | |
| | : | |
| Appellant | : | No. 1716 MDA 2019 |

Appeal from the Judgment of Sentence Entered October 15, 2019
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0004810-2018

BEFORE: PANELLA, P.J., BENDER, P.J.E., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.: **FILED OCTOBER 05, 2020**

Appellant, Timothy Joseph Clair, appeals from the judgment of sentence entered in the Berks County Court of Common Pleas on October 15, 2019 after he was convicted for possession with intent to deliver ("PWID") and related charges. On appeal, Clair contends the evidence was insufficient to prove he possessed heroin with the intent to deliver it. Specifically, he argues the evidence only established that he possessed the heroin for personal use. Clair further contends the trial court erred in denying his request for a mistrial based on a Commonwealth witness testifying about his criminal history. After careful review, we affirm.

The trial court briefly summarized the factual history as follows:

On October 11, 2018, Pennsylvania State Trooper Steven DeAngeles secured a search warrant for controlled substances at the residence located at 50 South Maple Street, Kutztown, Berks County. On October 12, 2018, the Pennsylvania State Police and

the Berks County Special Emergency Response Team ("SERT") surrounded the house and executed a warrant. The SERT secured multiple individuals inside the residence, including [Clair], while the State Police remained focused on the exterior. Once the interior was secured, Pennsylvania State Police troopers, including Trooper Jeffrey Smith, conducted a search for controlled substances.

A black and yellow tackle box was located inside [Clair]'s bedroom. Inside the tackle box were approximately fifty syringes (some used, some unused) 1.86 grams of methamphetamine, pipes commonly used to smoke methamphetamine, a razor blade, and small bowls used to break up the methamphetamine. Heroin was also located inside [Clair]'s bedroom, but not inside the tackle box.

Trial Court Opinion, 4/8/2020, at 1. Clair was charged with two counts of PWID, two counts of possession of a controlled substance, one count of possession of drug paraphernalia, and one count of resisting arrest.

At the September 19, 2019 jury trial the Commonwealth presented the testimony of Trooper DeAngeles, the lead investigator, as well as other Pennsylvania State troopers and corporals assigned to the case. Further, Corporal Matthew Tretter testified as an expert regarding whether or not the drugs were possessed with intent to deliver.

At the end of the one-day trial, Clair was found guilty of PWID - heroin, possession of heroin, possession of methamphetamine, and possession of drug paraphernalia. He was acquitted of PWID - Methamphetamine.

On October 15, 2019, Clair was sentenced to an aggregate term of twenty-one months to ten years' incarceration. Clair did not file post-sentence motions. This timely appeal followed.

In his first issue on appeal, Clair argues the Commonwealth produced insufficient evidence to support his PWID conviction. When determining if evidence is sufficient to sustain a conviction, our standard of review is well-settled:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Kendricks*, 30 A.3d 499, 508 (Pa. Super. 2011) (citation omitted).

> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Stokes*, 38 A.3d 846, 853 (Pa. Super. 2011), *abrogated on other grounds by* *Alleyne v. United States*, 570 U.S. 99 (2013) (citation omitted).

The Controlled Substance, Drug, Device and Cosmetic Act prohibits the possession of controlled substances by an unlicensed person with the intent

to deliver the substances to another person. *See* 35 P.S. § 780-113(a)(30). To sustain a conviction for possession with intent to deliver a controlled substance "all of the facts and circumstances surrounding the possession are relevant and the elements of the crime may be established by circumstantial evidence." *Commonwealth v. Little*, 879 A.2d 293, 297 (Pa. Super. 2005).

Clair does not dispute that heroin is a controlled substance, that he possessed heroin, or that he is not licensed to distribute heroin. His challenge to the sufficiency of the evidence is limited to whether the Commonwealth presented evidence that he intended to distribute the heroin. Specifically, he believes the evidence supported personal use of heroin.

An intent to deliver may be inferred from the possession of large quantities of a controlled substance. *See Commonwealth v. Brown*, 904 A.2d 925, 931 (Pa. Super. 2006). Where the "quantity of the controlled substance is not dispositive as to the intent," our Supreme Court has instructed us that "the court may look to other factors." *Commonwealth v. Ratsamy*, 934 A.2d 1233, 1237 (Pa. 2007).

> Other factors to consider when determining whether a defendant intended to deliver a controlled substance include the manner in which the controlled substance was packaged, the behavior of the defendant, the presence of drug paraphernalia, and large[] sums of cash found in possession of the defendant. The final factor to be considered is expert testimony. Expert opinion testimony is admissible concerning whether the facts surrounding the possession of controlled substances are consistent with an intent to deliver rather than with an intent to possess it for personal use.

***Id***., at 1237-38 (citation and internal quotation marks omitted).

Here, Corporal Tretter testified, in his expert opinion, that he believed the evidence supported PWID based on the fact the police had legally obtained a search warrant for the property, the amount of drugs found in the residence, the presence of multiple digital scales, and the presence of new and unused baggies. **See** N.T., Jury Trial, 9/19/2019, at 86, 90. Further, Corporal Tretter found the level of the security and surveillance system found at Clair's residence supported an intent to deliver. ***See id***., at 92.

This testimony was sufficient to allow the jury to infer that Clair possessed the heroin with an intent to deliver, rather than for mere personal use. The testimony adduced at trial was more than sufficient to sustain Clair's conviction for PWID. Clair's first issue is without merit.[1]

In his second issue, Clair argues the trial court erred in denying his request for a mistrial. His claim appears to be that the presentation of

_____

[1] Although Clair phrased this claim as a challenge to the sufficiency of the evidence, we find his claim is more akin to a challenge to the weight of the evidence. Clair's argument focuses on the fact that the testimony showed he is a drug user and that only one dollar was found inside his bedroom. He believes these factors weigh in favor of a finding of personal use of heroin. This is a challenge not to the sufficiency of the evidence, but to its weight.

A challenge to the weight of the evidence must, in the first instance, be presented to the trial court. **See Commonwealth v. Rivera**, 983 A.2d 1211, 1225 (Pa. 2009). As Clair did not raise a challenge to the weight of the evidence in the trial court, any such claim is waived for purposes of this appeal. **See Commonwealth v. Priest**, 18 A.3d 1235, 1239 (Pa. Super. 2011). Thus, Clair's first issue on appeal would merit no relief in any event.

testimony about his prior criminal history denied him a fair trial. Our Supreme

Court has explained:

> A trial court is required to grant a mistrial only where the alleged prejudicial event may reasonably be said to have deprived the defendant of a fair and impartial trial. It is well-settled that the review of a trial court's denial of a motion for a mistrial is limited to determining whether the trial court abused its discretion.
>
> An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will ... discretion is abused. A trial court may grant a mistrial only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict. A mistrial is not necessary where cautionary instructions are adequate to overcome prejudice.

*Commonwealth v. Fortenbaugh*, 69 A.3d 191, 193 (Pa. 2013) (internal

quotation marks and citations omitted).

Clair takes issue with the testimony given by Trooper DeAngeles about

why he involved the Berks County SERT in performing the search. Specifically,

Clair challenges the following testimony:

> Q. Now, first off, are you the person that commonly we think of banging in the door?
>
> A. I am not. For this task, due to [Clair's] criminal history, we did ask for the SERT Team Special Operations Unit to serve the search warrant. Due to being a very high risk situation, they were the ones that actually entered the residence that day and secured the individuals within.

N.T., Jury Trial, 9/19/2019, at 12-13. Based on Trooper DeAngeles' statement, defense counsel requested a sidebar and made the following oral motion for a mistrial:

> [Defense Counsel]: Your Honor, I have to make a motion for a mistrial at this time. The [t]rooper, I don't think he really realized the implications of what he said. He indicated that due to [Clair's] criminal history they utilized a [SWAT] team essentially to go into the residence for safety reasons.
>
> As the Court is well aware, the defendant's criminal history should never be brought before the jury, under limited exception. If he were to choose to testify and crimen falsi would be introduced, you know what's in the juror's minds is that Mr. Clair has a past violent history. And I don't know that you can unring the bell after having heard that.

*Id.*, at 16. The trial court deferred ruling on the matter in order to research the issue and the trial continued. At the close of evidence, the trial court denied the motion and instead provided the jury with the following cautionary instruction:

> Okay. Ladies and gentlemen, there is one bit of housekeeping that I want to take care of before I begin my closing charge to you. And that is, very early this morning, first thing this morning, probably no more than five or ten minutes after the testimony began you heard some testimony about the fact the defendant might have a criminal history.
>
> I told you, you are not to consider that testimony. You are not to use that information for any reason whatsoever. Okay. So you should totally disregard it. Keep it out of your mind. It is not part of the evidence in this case. Whether or not there was or wasn't is nothing for you to consider or use to determine whether the defendant is either guilty or not guilty. Okay …

*Id.*, at 125-126.

Clair argues that Trooper DeAngeles's statement directly informed the jury that Clair had a violent criminal history and posed a risk to law enforcement, and therefore a mistrial was warranted. Clair maintains that the prejudice could not be cured by the trial court's curative instruction.

We have explained that a mistrial may be warranted when a juror could reasonably infer from the facts presented that the accused had engaged in prior criminal activity. **Commonwealth v. Parker**, 957 A.2d 311, 319 (Pa. Super. 2008) (citations and internal quotations omitted). "When the statement at issue relates to a reference to past criminal behavior, [t]he nature of the reference and whether the remark was intentionally elicited by the Commonwealth are considerations relevant to the determination of whether a mistrial is required." **Id**. "A singular, passing reference to prior criminal activity is usually not sufficient to show that the trial court abused its discretion in denying the defendant's motion for a mistrial. When the trial court provides cautionary instructions to the jury in the event the defense raises a motion for mistrial, [t]he law presumes that the jury will follow the instructions of the court." **Id**. Thus, "[i]n a criminal case, the possible prejudicial effect of a witness's reference to prior criminal conduct of the defendant may, under certain circumstances, be removed by an immediate cautionary instruction to the jury." **Commonwealth v. Richardson**, 437 A.2d 1162, 1164 (Pa. 1981) (citation omitted).

Here, Clair does not argue that the challenged statement by Trooper DeAngeles was deliberately elicited by the Commonwealth for an improper purpose. He simply argues that the statement improperly informed the jury about his criminal history.

Although the reference to Clair's prior criminal history was made in response to a question by the Commonwealth, the record does not indicate that the reference was deliberately elicited to establish Clair's prior record. Additionally, the trooper's comment was a singular reference to Clair's criminal history, and did not reference any specific crime. Further, the Commonwealth did not thereafter attempt to exploit the single reference to highlight Clair's criminal history.

Finally, the curative instruction issued by the trial court during closing arguments was direct, unequivocal, and strong, informing the jury that they were not to consider Trooper DeAngeles's statement, and was sufficient to expunge any taint and assure Clair a fair trial. While the trial court did not issue a curative instruction at the time the challenged statements were made, defense counsel specifically acquiesced to the trial court taking the matter under advisement until a later time. N.T., Jury Trial, 9/19/2019, at 17 ("I would ask at this time, again, if you want to reserve that for your law clerk to do some further legal research and we start moving with at least some other witnesses, and we can come back around to this point later this morning.")

Under the circumstances of this case, we find no abuse of discretion in the trial court's determination that Trooper DeAngeles's' testimony did not warrant a mistrial.

As neither of Clair's issues on appeal merit relief, we affirm the judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/05/2020