J-S01003-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID EDWARD SANFORD | : | |
| | : | |
| Appellant | : | No. 702 MDA 2020 |

Appeal from the Judgment of Sentence Entered March 12, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0006090-2018

BEFORE: LAZARUS, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.: **FILED JUNE 15, 2021**

David Edward Sanford appeals from the judgment of sentence, entered in the Court of Common Pleas of Dauphin County, following his conviction for possession with intent to deliver a non-controlled substance,[1] simple assault,[2] and possession of drug paraphernalia.[3] This case is before us following our February 12, 2021 order remanding to the trial court for a supplemental Pa.R.A.P. 1925(a) opinion and directing the prothonotary of this Court to set

---

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(35)(ii).

[2] 18 Pa.C.S.A. § 2701(a)(1).

[3] 35 P.S. § 780-113(a)(32).

a new briefing schedule.[4]  The trial court filed its supplemental Rule 1925(a)

opinion on March 9, 2021, and Sanford elected to rely on his original appellate

brief.[5]  The Commonwealth did not file a supplemental brief. After careful

review, we affirm on the Honorable Deborah E. Curcillo's supplemental

opinion.

The trial court set forth the fact of this case as follows:

Around five o'clock on the evening of November 4, 2018, Officer
Christian Ribec was dispatched to 335 South 14th Street in
Harrisburg City. When Officer Ribec arrived on [the] scene,
Shawntel Gladden answered the door. Officer Ribec observed that
Ms. Gladden had some facial injuries and some swelling. He
further observed that the injuries looked fresh.  Ms. Gladden told
Officer Ribec  that the man standing beside her, [Sanford], robbed
her. [Sanford] immediately responded that Ms. Gladden robbed
him. [Sanford] then slammed the door in Officer Ribec's face.
Officer Ribec ran around to the back of the residence because he
heard rustling and a fence gate slam.  Officer Ribec located
[Sanford] and ordered him at taser point to the ground. [Sanford]
complied, was detained, and taken back to the front of the
residence.  Officer Ribec did not observe any injuries to [Sanford].

Officer Kenneth Sites responded to the scene shortly after Officer
Ribec detained [Sanford]. Officer Sites encountered Ms. Gladden
who seemed upset and had a very visible injury on the left side of

---

[4] The trial court's first Rule 1925(a) opinion stated that the court was unable
to review the matter and unable to provide an opinion in support of the order
giving rise to the appeal because the trial transcripts were not ordered.  **See**
Trial Court Opinion, 7/9/20, at 3-4 ("In light of the issue raised by [Sanford]
for review, and the clear necessity of reviewing the trial transcripts, the lack
of trial transcripts prevents this [c]ourt from providing a meaningful opinion
in support of the reasons which gave rise to the appeal.").  **See also** Pa.R.A.P.
1911(a), 1925(a), 1931(a)(1).  The trial transcripts did not become part of
the certified record until after this case was briefed on appeal.

[5] The Commonwealth did not file a new brief, and its original brief does not
address the merits of Sanford's claim.

her face[,] which was very swollen. Officer Ribec also observed that her eye was completely swollen shut due to the injuries she had. Ms. Gladden informed Officer Sites that she was walking in the area when she encountered [Sanford]. [Sanford] presented to her a substance that was not crack cocaine. She admitted to Officer Sites that she planned on buying crack cocaine from [Sanford] for ten dollars. When Ms. Gladden realized the substance was not crack cocaine, she refused to give [Sanford] the money. [Sanford] then knocked Ms. Gladden to the ground and struck her in the face five to six times. A forensic investigator took photographs of Ms. Gladden's injuries right after the incident.

Officer Sites found a small clear plastic baggie with a white substance in [Sanford's] right front pocket. Another clear plastic baggie containing a white substance was found across the street. The two clear plastic baggies and their substance were sent to the State Police forensics lab for further testing.

Ms. Gladden stated to Officer Sites that she had eight dollars in one-dollar bills and two dollars in quarters. Officers found on [Sanford's] person fourteen dollars in one-dollar bills and then one dollar in quarters. Ms. Gladden gave Officer Sites a written statement regarding the incident. In that statement, Ms. Gladden stated that [Sanford] hit her in the face.

Nicole Blascovich of the Pennsylvania State Police Crime Lab then testified. Ms. Blascovich was given the two clear baggies with white substance by the Harrisburg Police to test. Ms. Blascovich's testing determined that the white substance contained in the two clear baggies was not a controlled substance.

Ms. Gladden testified during the jury trial and related the following. Ms. Gladden was roaming the neighborhood looking for a fix. [Sanford] came up to her and acted like he wanted to sell. Ms. Gladden did not believe the substance in the clear baggie was crack cocaine, so she stated to [Sanford], "this ain't real," and threw the baggie down. [Sanford] then became aggressive. Ms. Gladden stated that [Sanford] punched her face and body then lifted her up to attempt to drag her out of the house. At the time the officers arrived on scene, Ms. Gladden's money was in [Sanford's] hand. Ms. Gladden testified that [Sanford] took the money from her. Ms. Gladden further testified that the officers eventually took control of her money from [Sanford].

Trial Court Opinion, 3/8/21, at 2-4 (citations omitted).

Sanford was tried by a jury and convicted of the above-stated offenses. On March 12, 2020, the court sentenced Sanford to an aggregate term of incarceration of two and one-half to five years. Sanford filed a timely appeal, and both he and the trial court complied with Rule 1925. Sanford raises one issue for our review: "Whether the Commonwealth failed to present sufficient evidence to sustain [Sanford's] convictions for possession with intent to deliver a non-controlled substance and simple assault." Appellant's Brief, at 7. Sanford argues the Commonwealth failed to produce sufficient evidence for his convictions where he "did not assault the victim and did not possess paraphernalia or a controlled substance with the intent to deliver it." *Id.* at 8.

> [O]ur standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. [T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Franklin*, 69 A.3d 719, 722 (Pa. Super. 2013) (citations and quotation marks omitted). *See also Commonwealth v. Little*, 879 A.2d 293, 296-97 (Pa. Super. 2005) ("We may not weigh the evidence and substitute our judgment for the fact-finder.").

After a thorough review of the record, Sanford's brief, the applicable law, and Judge Curcillo's well-reasoned opinion, we conclude Sanford's issue merits no relief. Judge Curcillo's opinion comprehensively discusses and properly disposes of Sanford's challenge to the sufficiency of evidence. **See** Trial Court Opinion, **supra** at 5-10 (viewed in the light most favorable to the Commonwealth as verdict winner, the evidence established:  that Sanford possessed a non-controlled substance with intent to deliver in violation of 35 P.S. § 780-113(a)(35)(ii) ("[N]o person shall knowingly distribute or sell a noncontrolled substance upon the express or implied representation that the substance is a controlled substance."); that Sanford possessed drug paraphernalia (plastic baggie for packaging) in violation of 35 P.S. § 780-113(a)(32); and that Sanford caused bodily injury to Ms. Gladden in violation of 18 Pa.C.S.A. § 2701(a)(1)).  **Franklin**, **supra**.

Accordingly, we affirm on the basis of the Judge Curcillo's opinion.  The parties are instructed to attach that opinion in the event of further proceedings.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/15/2021

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
: DAUPHIN COUNTY, PENNSYLVANIA
:
v. : NO. 702 MDA 2020
: 6090 CR 2018
:
DAVID EDWARD SANFORD : CRIMINAL APPEAL

## TRIAL COURT MEMORANDUM OPINION PURSUANT TO PENNSYLVANIA RULE OF APPELLATE PROCEDURE 1925(A)

Appellant, David Sanford ("Appellant" or "Mr. Sanford") appeals from this Court's Order dated March 12, 2020, which sentenced Appellant. This opinion is written pursuant to Pa.R.A.P. 1925(a).

### Procedural History

Following a jury trial held on October 23, 2019, Appellant was found guilty of possession with intent to deliver a non-controlled substance,[1] simple assault,[2] and possession of drug paraphernalia.[3] On March 12, 2020, Appellant was sentenced to one and a half (1 1/2) to three (3) years in a state correctional institution for possession with intent to deliver a non-controlled substance, one (1) to two (2) years in a state correctional institution for simple assault, and no further penalty for possession of a drug paraphernalia.

Appellant filed a *pro se* Notice of Appeal on March 18, 2020. Gregory Mills, Esquire, filed a Notice of Appeal on May 8, 2020, on behalf of Appellant.



---

[1] 35 P.S. § 780-113(a)(35)(ii).
[2] 18 Pa.C.S.A. § 2701(a)(1).
[3] 35 P.S. § 780-113(a)(32).

6-10

1

On May 19, 2020, we entered a 1925(b) Order. On June 11, 2020, upon request for an extension to file a Concise Statement of Matters Complained of on Appeal, we entered an Order granting Appellant an extension until June 29, 2020.

On June 29, 2020, Appellant filed a Concise Statement of Matters Complained of on Appeal in accordance with Pa.R.A.P. 1925(b). On July 9, 2020, we submitted to the Pennsylvania Superior Court our Trial Court Memorandum Opinion pursuant to Pa.R.A.P. 1925(a). In that opinion, we informed the Pennsylvania Superior Court that appellate counsel for Appellant failed to request the transcripts necessary for this Court to issue a meaningful opinion. The requisite transcripts are currently part of the certified record.

The requisite transcripts are currently part of the certified record. As such, on February 12, 2020, the Pennsylvania Superior Court issued a decision remanding the case back to this Court for the preparation of a supplemental Pa.R.A.P. 1925(a) opinion.

## Factual Background

The following facts were established during a jury trial that took place on October 23, 2019.

Around five o'clock on the evening of November 4, 2018, Officer Christian Ribec[4] was dispatched to 335 South 14th Street in Harrisburg City.[5] (Notes of Testimony, Jury Trial, 10/23/19, p. 28).[6] When Officer Ribec arrived on scene, Shawntai Gladden[7] answered the door. (N.T., 28). Officer Ribec observed that Ms. Gladden had some facial injuries and some swelling. *Id.* He further observed that the injuries looked fresh. (N.T., 29). Ms. Gladden told Officer Ribec

---

[4] Hereinafter, "Officer Ribec"
[5] Officer Ribec has been employed by Harrisburg Bureau of Police since January of 2017. His duties include enforcement of the vehicle code, crimes code, and to respond to calls for service, domestics, and traffic stops. (N.T., 27-28).
[6] Hereinafter, "N.T."
[7] Hereinafter, "Ms. Gladden"

that the man standing beside her, Appellant, robbed her. Id. Appellant immediately responded that Ms. Gladden robber him. *Id.* Appellant then slammed the door in Officer Ribec's face. *Id.* Officer Ribec ran around to the back of the residence because he heard rustling and a fence gate slam. *Id.* Officer Ribec located Appellant and ordered him at taser point to the ground. *Id.* Appellant complied, was detained, and taken back to the front of the resident. *Id.* Officer Ribec did not observe any injuries to Appellant. (N.T., 30).

Officer Kenneth Sites[8] responded to the scene shortly after Officer Ribec detained Appellant.[9] (N.T., 33). Officer Sites encountered Ms. Gladden who seemed upset and had a very visible injury on the left side of her face which was very swollen. *Id.* Officer Ribec also observed that her eye was completely swollen shut due to the injuries she had. *Id.* Ms. Gladden informed Officer Sites that she was walking in the area when she encountered Appellant. (N.T., 34). Appellant presented to her a substance that was not crack cocaine. *Id.* She admitted to Officer Sites that she planned on buying crack cocaine from Appellant for ten dollars. *Id.* When Ms. Gladden realized the substance was not crack cocaine, she refused to give Appellant the money. *Id.* Appellant then knocked Ms. Gladden to the ground and struck her in the face five to six times. *Id.* A forensic investigator took photographs of Ms. Gladden's injuries right after the incident. (N.T., 35). Officer Sites found a small clear plastic baggie with a white substance in Appellant's right front pocket. (N.T., 36). Another clear plastic baggie containing a white substance was found across the street. *Id.* The two clear plastic baggies and their substance were sent to the State Police forensics lab for further testing. (N.T., 37). Ms. Gladden stated to Officer Sites that she had eight dollars in one-dollar bills and two dollars in quarters. (N.T., 36). Officers found on Appellant's person fourteen dollars in one-dollar bills and then one dollar in quarters.

---

[8] Hereinafter, "Officer Sites"
[9] Officer Sites has been employed by the Harrisburg Bureau of Police since January of 2017. (N.T., 32).

3

(N.T., 37-38). Ms. Gladden gave Officer Sites a written statement regarding the incident. (N.T., 39). In that statement, Ms. Gladden stated that Appellant his her in the face. (N.T., 40).

Nicole Blascovich[10] of the Pennsylvania State Police Crime Lab then testified.[11] (N.T., 44). Ms. Blascovich was given the two clear baggies with white substance by the Harrisburg Police to test. (N.T., 45). Ms. Blascovich's testing determined that the white substance contained in the two clear baggies was not a controlled substance. (N.T., 47).

Ms. Gladden testified during the jury trial and related the following. (N.T., 16). Ms. Gladden was roaming the neighborhood looking for a fix. (N.T., 17-18). Appellant came up to her and acted like he wanted to sell. (N.T., 18). Ms. Gladden did not believe the substance in the clear baggie was crack cocaine, so she stated to Appellant, "this ain't real," and threw the baggie down. *Id.* Appellant then became aggressive. (N.T., 20). Ms. Gladden stated that Appellant punched her face and body then lifted her up to attempt to drag her out of the house. (N.T., 20-21). At the time the officers arrived on scene, Ms. Gladden's money was in Appellant's hand. (N.T., 22). Ms. Gladden testified that Appellant took he money from her. *Id.* Ms. Gladden further testified that the officers eventually took control of her money from Appellant. *Id.*

## Appellant's Statement of Matters Complained of on Appeal

1. The evidence was insufficient to prove appellant guilty of possession with intent to deliver a non-controlled substance, as there was insufficient evidence to prove that appellant sold or attempted to sell a non-controlled substance to the alleged victim.
2. The evidence was insufficient to prove that appellant committed the crime of possession of drug paraphernalia, in that the evidence was insufficient to show he ever possessed the drug paraphernalia.
3. The evidence was insufficient to prove beyond a reasonable doubt that appellant was guilty of simple assault, in that the Commonwealth failed to establish that appellant caused or attempted to cause bodily injury to the alleged victim.

---

[10] Hereinafter, "Ms. Blascovich"

[11] Ms. Blascovich has been employed by the Pennsylvania State Police Crime Lab since March of 2008. The nature of her employment is to test for and identify controlled substances. Ms. Blascovich has been qualified as an expert in the identification of controlled substances 66 times in the past. Ms. Blascovich was qualified as an expert during trial. (N.T., 44-45).

4

## Discussion

In addressing the Appellant's sole error complained of on appeal, we must disagree with the argument that the evidence presented at trial was insufficient to convict Appellant of the crimes of possession with intent to deliver a non-controlled substance, possession of drug paraphernalia, and simple assault. The Superior Court said the following regarding sufficiency of evidence presented at trial:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

Commonwealth v. Robinson, 817 A.2d 1153, 1158 (Pa.Super. 2003).

Additionally, the Superior Court in *Commonwealth v. Fitzpatrick*[12] stated, "[a]ny doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances."

The Supreme Court of Pennsylvania explained the appropriate standard of review when an appellate court is required to review an insufficiency of the evidence claim:

> Normally, the evidence is deemed to be sufficient where there is testimony offered to establish each material element of the crime charged and to prove commission of the offense by the accused beyond a reasonable doubt. The question of credibility is left to the jury and the verdict will not be disturbed if the jury determined the

---

[12] *Commonwealth v. Fitzpatrick*, 159 A.3d 562, 567 (Pa.Super. 2017) (quoting *Commonwealth v. Hutchinson*, 947 A.2d 800, 805-806 (Pa.Super. 2008)).

5

evidence is worthy of belief. We have, however, made exception to the general rule that the jury is the sole arbiter of the facts where the testimony is so inherently unreliable that a verdict based upon it could amount to no more than surmise or conjecture.

Commonwealth v. Karkaria, 625 A.2d 1167, 1170 (Pa. 1993).

In order to address a sufficiency of the evidence argument, we must review the elements of said crime. *Id.* First, the appellant argues that the evidence was insufficient to prove Appellant guilty of possession with intent to deliver a non-controlled substance, as there was insufficient evidence to prove that Appellant sold or attempted to sell a non-controlled substance to the alleged victim. We disagree. The statute regarding possession with intent to deliver a non-controlled substance states in relevant part:

> (a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:
>
> (35)(ii) Except as otherwise provided by law, no person shall knowingly distribute or sell a noncontrolled substance upon the express or implied representation that the substance is a controlled substance. In determining whether there has been a violation of this subclause, the following factors shall be considered:
>
> (A) Whether the noncontrolled substance in its overall finished dosage appearance is substantially similar in size, shape, color and markings or lack thereof to a specific controlled substance.
>
> (B) Whether the noncontrolled substance in its finished dosage form is packaged in a container which, or the labelling of which, bears markings or printed material substantially similar to that accompanying or containing a specific controlled substance.
>
> (C) Whether the noncontrolled substance is packaged in a manner ordinarily used for the illegal delivery of a controlled substance.
>
> (D) Whether the consideration tendered in exchange for the noncontrolled substance substantially exceeds the reasonable value of the substance, considering the actual chemical composition of the substance and, where applicable, the price at which over-the-counter substances of like chemical composition sell.

6

> (E) Whether the consideration tendered in exchange for the noncontrolled substance approximates or exceeds the price at which the substance would sell upon illegal delivery were it actually the specific controlled substance it physically resembles.

See 35 P.S. § 780-113(a)(35)(ii)(A-E).

In reviewing the evidence in a light most favorable to the verdict winner, we believe the verdict rendered is supported by the evidence. The Commonwealth presented evidence through the testimony of Officer Sites and Ms. Gladden that Appellant was in possession of a clear plastic baggie with a white substance. (N.T., 36, 18-20). Ms. Gladden admitted to Officer Sites that she was attempting to buy from Appellant crack cocaine for ten dollars. (N.T., 34). Ms. Blascovich testified that her tests determined that the white substance was not a controlled substance. (N.T., 44). More specifically, the white substance was not the crack cocaine that Ms. Gladden expected to buy. Further, the overall finished dosage appearance of the white substance in the clear plastic baggie was substantially similar in size, shape, and color to crack cocaine and was in similar packaging.

The Commonwealth further presented evidence through the testimony of Officer Sites and Ms. Gladden that Appellant was in possession of Ms. Gladden's money. (N.T., 22, 36-38). Regardless, our Pennsylvania Superior Court, in *Commonwealth v. Irby*, 700 A.2d 463 (Pa. Super. 1997), determined that, even when a sale has not occurred, substantial steps taken toward the commission of the crime can constitute delivery of a noncontrolled substance. In *Irby*, the defendant took substantial steps toward the commission of the crime of delivery of a noncontrolled substance by packaging candle wax into clear plastic baggies then attempting to sell it as cocaine to an undercover officer. *Id.* at 465. Similar to the facts in the instant case, in *Irby*, the undercover buyer realized the substance was not cocaine and did not wish to purchase

7

it. *Id.* Here, Appellant took substantial steps toward the commission of the crime by using a white substance similar in appearance to cocaine and packaging it in a clear plastic baggie similar to how drug dealers commonly package cocaine. Thus, we find that the Commonwealth presented sufficient evidence to support the verdict.

Next, Appellant argues that the evidence was insufficient to prove that Appellant committed the crime of possession of drug paraphernalia, in that the evidence was insufficient to show he ever possessed the drug paraphernalia. We disagree. The statute regarding possession of drug paraphernalia states in relevant part:

> (a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:
>
> (32) The use of, or possession with intent to use, drug paraphernalia for the purpose of planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packing, repacking, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance in violation of this act.

See 35 P.S. § 780-113(a)(32).

In reviewing the evidence in a light most favorable to the verdict winner, we believe the verdict rendered is supported by the evidence. The Commonwealth presented evidence through the testimony of Officer Sites and Ms. Gladden that Appellant was in possession of the drug paraphernalia, the clear plastic baggie. (N.T., 18-20, 36). Officer Sites testified that the clear plastic baggie was located in Appellant's right front pocket. (N.T., 36). Ms. Gladden testified that Appellant had possession of the clear plastic baggie as he approached her, acting like he wanted to sell. (N.T., 18). In this case, the clear plastic baggie held a white substance similar to

8

cocaine. (N.T., 18-20, 36). Thus, we find that the Commonwealth presented sufficient evidence to support the verdict.

Finally, Appellant argues that the evidence was insufficient to prove beyond a reasonable doubt that Appellant was guilty of simple assault, in that the Commonwealth failed to establish that Appellant caused or attempted to cause bodily injury to the alleged victim. The statute regarding simple assault states in relevant part:

> (a) Offense defined – Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:
>> (1) Attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another.

See 18 Pa.C.S.A. § 2701(a)(1)

In reviewing the evidence in a light most favorable to the verdict winner, we believe the verdict rendered is supported by the evidence. The Commonwealth presented evidence through the testimony of officers Ribec and Sites, and Ms. Gladden. Officer Ribec observed that Ms. Gladden had facial injuries and some swelling. (N.T., 28). He further testified that the injuries looked fresh. (N.T., 29). Officer Sites observed a very visible injury to the left side of Ms. Gladden's face which was very swollen. (N.T., 33). Ms. Gladden testified that Appellant became aggressive when she stated that the clear plastic baggie did not contain real cocaine. (N.T., 20). She told Officer Sites that Appellant knocked her to the ground and struck her in the face five to six times. (N.T., 34). Ms. Gladden further stated in her written statement that Appellant struck her. (N.T., 40). Additionally, a forensic investigator took photographs of Ms. Gladden's injuries right after the incident. (N.T., 35). We find that the Commonwealth presented sufficient evidence to support the verdict.

9

Further, the testimony presented by the Commonwealth is not so inherently unreliable as to require the exception to the general rule that the jury is the sole arbiter of the facts. See Commonwealth v. Karkaria, 625 A.2d at 1170.

After viewing the evidence in the light most favorable to the verdict winner and after giving the Commonwealth the benefit of all reasonable inferencing drawn from the evidence presented at the trial, we conclude that the evidence presented by the Commonwealth through the testimony of Officer Ribec, Officer Sites, and Ms. Gladden as well as the written statement provided to police by Ms. Gladden on the day of the incident is sufficient for the fact-finder to conclude that Appellant possessed with the intend to deliver a non-controlled substance, possessed drug paraphernalia, and committed simple assault against Ms. Gladden.

For these reasons, we ask the Superior Court to uphold and affirm our judgment.

Respectfully submitted:

_____
Deborah E. Curcillo, Judge

Dated: 3/8/21

Distribution: 3/8/21 @ 11:43 am
The Superior Court of Pennsylvania mail
Hon. Deborah E. Curcillo ID
Ryan Lysaght, Esq., Dauphin County District Attorney's Office ID
Gregory C. Mills, Esq., PO Box 61554, Harrisburg, PA 17106 mail

2021 MAR -8 AM 11: 30

10